THEODORE H. MILLER, APPELLEE, V. JOHN LANHAM,
APPELLANT, ET AL.

[FILED DECEMBER 20, 1892.]

1. **Judicial Sales:** INADEQUACY OF PRICE: CONFIRMATION.
   Evidence examined, and held, that the value of property sold by
   virtue of a decree of foreclosure is not so greatly in excess of
   the value found by the appraisers as to call for the setting aside
   of the sale.

2. ———— : ———— : ————: HARMLESS ERROR.  A sale will not be
   set aside for irregularities or errors not prejudicial to the party
   complaining.

3. ———— : ———— : ————: FAILURE OF PURCHASER TO PAY OFF
   PRIOR LIENS.  A sale will not be set aside on the motion of a
   mortgagor on the ground that the purchaser has not paid off
   claims adjudged to be prior liens upon the property sold.

4. ————: NOTICE: DESCRIPTION OF PROPERTY.  A notice of sale
   under a mortgage or decree will generally be held sufficient if
   the property be described as in the mortgage or decree.

APPEAL from the district court for Saline county. Heard below before MORRIS, J.

*Abbott & Abbott,* and *Webster, Rose & Fisherdick,* for appellant.

*F. I. Foss, contra.*

POST, J.

This is an appeal from an order of confirmation by the district court of Saline county. From the transcript it appears that on the 18th day of December, 1889, the appellee Miller · recovered judgment against the appellant Lanham for $7,793.25 and $72.95 costs, and a decree of foreclosure against the following described property, to-wit: All of section 36, town 8, range 3 east; a part of the north-east quarter of the northeast quarter of section 33, town 8, range 4 east, which is more particularly described in the decree and order of sale; also a part of lot 1, in block 1, in the city of Crete. On the 14th day of December, 1889, judgment was entered against appellant in favor of the Union Trust Company, of Philadelphia, for $7,545.90 and a decree of foreclosure against section 36, and which was adjudged to be the first lien thereon. On the 2d day of April, 1890, the Union Trust Company, of Omaha, re-covered judgment against appellant for $600 and a decree of foreclosure against said section 36, which was adjudged to be a second lien thereon. On the 2d day of April, 1890, the First National Bank of Crete recovered a judgment against appellant for $4,348.70 and a decree of foreclosure against the property in lot 1, block 1, city of Crete, which was adjudged to be a first lien thereon and upon which there had been paid the sum of $3,172.52 prior to the is-suing of the order of sale. On the 4th day of December, 1890, an order of sale was issued, by virtue of which the property above described was advertised for sale and sold

to the appellee. On the return of the order of sale a motion was made by the appellant to set aside the sale, which was sustained as to the fractional part of the northeast quarter of the northeast quarter of section 33, and overruled as to section 36, and part of lot 1, block 1, in the city of Crete, as described in the decree. Exception was taken by appellant to the overruling of his motion and the case removed to this court by appeal. Said motion is as follows:

"And now comes the said defendant John Lanham, and objects to the confirmation of the sale herein heretofore had, and moves the court to set the same aside for the following reasons:

" First—That the property sold herein was appraised far below its actual value, and so far below its value as to show fraud, collusion, partiality, or incompetency on the part of the appraisers, as is shown by the affidavits of John Lanham, Charles E. Chowins, Thomas Patz, and Jacob Wagerman hereto attached.

"Second—That the property was sold at a grossly inadequate price, in this, that the same is, and at the time of the sale herein was, well worth the sum of $27,800, and is shown by affidavits hereto attached.

"Third—That there is error and irregularity in said sale, in this, that the decree of foreclosure in said case embraces with the amount found due to the plaintiff Miller, being $7,793.75, the amount found due to the Union Trust Company, of Philadelphia, being $7,545.90, and the amount found due to the Union Trust Company, of Omaha, $600, and the amount found due to the First National Bank of Crete, Nebraska, being $4,348.70, and consolidates all these amounts into one amount, and orders that there be but one sale for all, and the order of sale herein recites all of said amounts and purports to sell the property therein described to satisfy all, while the sheriff has reported and placed on file the existence of prior incumbrances against the section of

land described to the amount of $8,754.57, $8,053.70 of which is a part of the amount recited in said order of sale and is a part of the amount for which said sale was made, and therefore cannot be incumbrances prior to the amount for which the sale was being made; thus it is made to appear, by inspection of the files and proceedings in the case, that the incumbrance against said section of land is $8,053.70 greater than actually exists, and that a *bona fide* purchaser would reduce his bid by that much; all of which will more fully appear by an inspection of the files of this case.

"Fourth—And the defendant alleges further error and irregularity in said sale in relation to that part of lot 1, block 1, of the city of Crete, described in said proceedings, in this, that the sheriff reported and placed on file prior incumbrances against said part of lot 1, block 1, to the amount of $1,312.50, while, as a matter of fact, the said amount of $1,312.50 is that portion of said decree determining the amount due to the said bank, and for which said property was being sold, and therefore was not and could not be prior incumbrances, thus making the amount against said property appear by said proceedings to be greater by $1,312.50 than it really was, whereby the bid of a purchaser would be reduced by that amount.

"Fifth—There is further irregularity in the proceedings of said sale, in this, that no money was paid by the purchaser, Miller, to the sheriff, with which to pay the amounts due to the other beneficiaries in said decree; that in fact no money at all was paid or offered by the purchaser, Miller, at said sale to any one for any purpose.

"Sixth—That the advertisement of sale published herein was defective and misleading, in this, that the farm property offered for sale was one section by government survey; that the advertisement was such as to advise people that the said section should be sold in bulk; that if said section had been advertised and offered for sale by government subdivisions of a section, it would have sold to a much better advantage and for a larger amount.

"Seventh—The advertisement herein is not in accordance with the appraisement herein, in this, that the said section is appraised in government subdivisions, to-wit, quarter sections, while in the advertisement the entire section is offered in bulk, whereby persons desiring to buy quarters or lesser subdivisions were misled and prevented from attending the sale.

"Eighth—That the proceedings by which the said sale were had and the sale itself are in other respects informal, incomplete, and insufficient, whereby material injury has resulted to the said defendant. All of which will more fully appear by inspection of the files in this case and affidavits herewith filed."

The allegation in the motion with respect to the value of the property is not sustained by the evidence in the record. The presumption is in favor of the finding of the appraisers, who are sworn to impartially appraise the interest of the defendant or mortgagor.

The appellee, in addition to his own evidence, introduced the affidavits of seven apparently credible witnesses who are familiar with the property and its value, and who testify that the finding of the appraisers is above rather than below its value.

The order of the district court complained of is sustained by the clear preponderance of the evidence, and there is no error in the overruling of the motion to set aside the sale on that ground. Nor is there any foundation in the record for the contention that the appraisers deducted from the value of the different tracts, or either of them, any part of the decree in favor of appellee.

By reference to the appraisement of section 36 we find that the value thereof is found to be $16,320, while the amount deducted on account of prior liens as taxes, $700.87, and mortgages, as per certificate of register of deeds, $8,053.70. The prior liens, as certified by the register of deeds and clerk of the district court, exceed the amount deducted by

more than $800, but the omission is an error prejudicial to
the appellee, who is the purchaser, and not to the appellant.
The amount deducted from the value of the fractional lot 1
in block 1, in the city of Crete, is, taxes, $24.70, and liens,
as per certificate of register of deeds, $1,312.50, the last
named amount being evidently the balance due on the de-
cree in favor of the First National Bank of Crete. It is
alleged that the appellee did not on the day of the sale pay
to the sheriff the amounts adjudged to be prior liens upon
the premises. This is a failure, if true, of which the ap-
pellant cannot complain. It is apparent that appellee
bought subject to the decrees in question, thereby recogniz-
ing them as prior liens. It appears, however, from his
affidavit, which is not disputed, that he offered to pay
the amount to the sheriff as soon as it could be ascertained,
but that the latter declined to receive it. It further ap-
pears that he is ready and able to pay the amount of all
prior liens whenever he is adjudged to be entitled to a con-
firmation of the sale. It is next objected that the notice
of sale is defective and misleading, for the reason that sec-
tion 36 was advertised for sale as an entirety, whereas it
should have been advertised and offered for sale in parcels
or fractions of a section. A sufficient answer to this objec-
tion is, that in the decree of appellee, as well as the two
decrees adjudged to be prior to his, the property in ques-
tion is described as section 36 without reference to subdi-
visions thereof. A notice of sale under a mortgage or de-
cree will generally be held sufficient if the property be
described as in such mortgage or decree. (*Model Lodging
H. Ass'n v. Boston,* 114 Mass., 133.) It appears from the
record, however, that the property in question was ap-
praised in four separate tracts or quarter sections. It fur-
ther appears that each quarter section was offered for sale
separately, but without bidders, after which the entire sec-
tion was offered for sale and sold to appellee for $6,000,
being more than two-thirds of the appraised value of ap-

pellant's interest therein. We have carefully examined the entire record and are unable to discover any error prejudicial to the rights of the appellant. In our judgment the order of the district court confirming the sale is right and should be

AFFIRMED.

THE other judges concur.