CHARLES G. HOYT V. ANTOINETTE W. LITTLE ET AL.

FILED MAY 4, 1898.    No. 8058.

1. **Judicial Sale:** MODIFICATION OF DECREE: CONFIRMATION. A decree foreclosing a real estate mortgage was rendered June 5 for $363. July 11 an order of sale was issued. July 20 a remittitur of $20 was entered in open court. The order of sale was then changed so as to recite that the decree was rendered for $343 and the property afterwards advertised and sold. *Held,* That the change made in the order of sale was not prejudicial to the owner of the equity of redemption, and that the court did not err in refusing to set the sale aside because thereof.

2. **Decree Foreclosing Mortgage:** REQUEST FOR STAY: TIME. To stay the execution of a decree foreclosing a real estate mortgage a request in writing therefor must be filed with the clerk of the court within twenty days after the date of the rendition of such decree. The filing of such request within twenty days after the date of a remittitur entered, but more than twenty days after the date of the decree, will not stay the execution thereof.

3. **Judicial Sales: Confirmation.** The court did not err in refusing to set aside a sale made under a decree foreclosing a real estate mortgage, on the motion of the owner of the equity of redemption based on the ground that, when the sale was made, a motion made by him to vacate the decree was pending in court.

4. **Process: Form.** An order of sale headed, "The State of Nebraska, County of Gage, to the Sheriff of said County," etc., complies with section 24, article 6, of the constitution, providing that "All process shall run in the name of the state of Nebraska."

ERROR from the district court of Gage county. Tried below before BUSH, J.

ACTION by Antoinette W. Little against Charles G. Hoyt and others to foreclose a mortgage. There was a decree for plaintiff, and from an order confirming a judicial sale of the mortgaged premises Charles G. Hoyt prosecuted a proceeding in error. *Affirmed.*

*G. M. Johnston,* for plaintiff in error.

*E. O. Kretsinger,* for Antoinette W. Little, defendant in error.

*J. E. Cobbey,* for Charles L. Schell, defendant in error.

RAGAN, C.

This is a proceeding in error instituted in this court by Charles G. Hoyt against Antoinette W. Little and others to review a judgment of the district court of Gage county confirming a judicial sale made of certain real estate in pursuance of a decree foreclosing an ordinary real estate mortgage thereon.

1. The first argument relied on here by the plaintiff in error is that the "order of sale was altered" after it was placed in the hands of the sheriff. The decree was rendered June 5, 1894, for $363. July 11, 1894, the order of sale was issued, which recited the rendition of the decree and the amount thereof and commanded the sheriff to cause the real estate to be appraised, advertised, and sold to satisfy such decree. On July 20, the

court still being in session, the plaintiff in the decree remitted from the   mount found due him by the court the sum of $20.   Subsequent to that time it is insisted that some one changed the order of sale by making it recite that the decree had been rendered for $343 instead of $363.  .Assuming that this alteration was made as alleged we cannot see how it prejudiced the plaintiff in . error.

2. The second argument is that the sheriff advertised the real estate for sale under the decree prior to the time he received the order of sale.   This is a mistake.   The sheriff's advertisement is dated June 18, 1894, whereas the order of sale was issued on July 20, 1894.   But the record shows beyond all controversy that dating the advertisement June 18 was a clerical error.   It should have been July 18. · The affidavit of the printer who published the notice of sale shows that it was published for the first time on July 20.

3. The third argument is that the court erred in not setting aside the sale, because plaintiff in error had on file with the clerk a request for a stay of execution at the time the order of sale was issued, which request had been filed within twenty days after the date of the rendition of the decree.   Whether such a request for stay of execution was filed within twenty days after the rendition of the decree was a question of fact for the trial court and was by it decided against the claim of the plaintiff in error on conflicting evidence, and we cannot say that the conclusion reached by the trial court was wrong. ·

A second argument under this same heading is this: The decree, as already stated, was rendered June 5. July 20, 1893, a remittitur of $20 was entered.   On that date the plaintiff in error filed a request for a stay of the execution of the decree, claiming that the remittitur of the $20 had the same effect as if the decree for $343 had been rendered on that date, and therefore the court erred in not setting aside the sale.   We cannot agree

to this contention. The fact that a remittitur of $20 was entered on July 20 did not vacate the decree rendered on June 5, any more than a payment made on July 20 by the plaintiff in error would have vacated the decree. To stay the execution of the decree, plaintiff in error should have filed his request therefor within twenty days after June 5.

4. On July 20, 1894, the plaintiff in error filed in the district court a motion to set aside the default and decree entered against him and for leave to answer in the action. So far as the record before us discloses this motion is still pending in the district court. A fourth assignment of error is that the court erred in not setting aside the sale because of the pendency of this motion to vacate the decree at the time the order of sale was issued. If the plaintiff in the decree was willing to take the chances of having this real estate advertised and sold to satisfy his decree while a motion was pending in court to vacate it, and if a purchaser at the judicial sale was willing to take the chances of obtaining a good title to the real estate sold while said motion to vacate was pending, we do not see that this is a matter of which the plaintiff in error need complain. Certainly he was not and could not be prejudiced by the sale of the real estate while such motion to vacate the decree was pending.

5. A final argument is that the court below erred in not setting aside the sale because the order of sale did not run in the name of the state of Nebraska, and, therefore, did not comply with section 24, article 6, of the constitution, which provides that "All process shall run in the name of the state of Nebraska." But we think this order of sale complied with the constitutional provision. It is headed, "The State of Nebraska, County of Gage, to the Sheriff of said County," etc. (*Moore v. Fedewa*, 13 Neb. 381; *Alderman v. State*, 24 Neb. 97.) The judgment of the district court is

AFFIRMED.