NATIONAL BANK OF COMMERCE, APPELLEE, V. ANNIE R. KINKEAD ET AL., APPELLANTS.

FILED FEBRUARY 6, 1901. No. 9,359.

1. **Decree of Foreclosure**: MODIFICATION: PERSONAL LIABILITY. A decree of foreclosure, in so far as it directs a sale of the mortgaged property, is in no manner affected by a modification touching the personal liability of one of the defendants.

2. ———: POWER OF OFFICER: DERIVATION: ORDER OF SALE: DECREE. The power of an officer under a decree of foreclosure is derived from the decree itself, and not from the order of sale issued by the clerk; and if such officer has made the sale in accordance with the decree, it is the duty of the court to confirm it.

3. **Valid Appraisement**: SALE: COMPLAINT: INVALID APPRAISEMENT. Where there is one valid appraisement of property and a sale thereof for more than two-thirds of such appraisement, it is no just ground of complaint that there was another appraisement which was not valid.

4. **Conflicting Evidence.** Where the evidence, adduced on the hearing of objections to an appraisement because the valuation is too low, is conflicting, if the finding of the court has substantial support it will not be disturbed.

APPEAL from the district court for Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*A. N. Ferguson*, for appellants.

*E. J. Cornish*, contra.

SULLIVAN, J.

This is an appeal from an order confirming a sale made by the sheriff of Douglas county under a decree of foreclosure. The real estate in question was originally owned by Mary Cunningham, who mortgaged it to the National Bank of Commerce and a part of it was subsequently sold to Annie R. Kinkead. The bank brought an action to enforce its security, and at the February, 1895, term of the court obtained a decree directing a sale of the mortgaged property and adjudging Kinkead to be personally liable for any deficiency that might exist after the due application of the proceeds of the sale. A motion by Kinkead to vacate this decree was considered and overruled at a subsequent term. The record, after reciting the decision of the court upon the motion, continues: "It further appearing to the court that a certain clerical error and mistake appears in said decree as entered of record herein, by consent of the parties hereto, on motion of the defendant Annie R. Kinkead in open court, it is ordered that said decree be amended *nunc pro tunc* as of the date of the 3d day of April, 1895, so that the said decree as amended shall read as follows." Then follows the decree substantially as originally rendered, except that the finding with respect to the personal liability of Kinkead is omitted. The property was appraised and sold under the second decree, but the court refused to confirm the sale, because that decree was entered without notice to Cunningham and was, as to her, void for want of jurisdiction. The bank then proceeded under the first decree and caused the property to be again appraised, advertised and sold. This sale was approved by the court, and, in our judgment, the decision was right. Conceding that the modified decree was void as to Cunningham and valid as to the bank and Kinkead, it does not follow that the court was without authority to sell the mortgaged property for the satisfaction of the amount due upon the mortgage. It is perfectly plain that it was

National Bank of Commerce v. Kinkead.

the office of the second decree to strike out of the first decree the provision making Kinkead personally liable for a deficiency. The court did not intend to make two decrees for the sale of the property. But if the court had made two decrees, that would not afford any sufficient reason for refusing confirmation of the sale. The power to sell was not derived from the order of sale held by the sheriff, but from the decree; and if the sale was in accordance with the decree, it was the duty of the court to ratify it. As there was one valid appraisement, and a sale of the property for more than two-thirds of such appraisement, it is no just ground of complaint that there was another appraisement which was not valid. *Nebraska Loan & Trust Co. v. Hamer,* 40 Nebr., 281. The court decreed a sale of the property; it then sold it for more than two-thirds of its value as fixed by appraisers lawfully chosen; that is all there is to this branch of the case; it is the sum and substance of the principal matter in dispute. Whether the power to sell was derived from one decree or the other, or from both, can be of no possible consequence in determining the controversy now before us for decision.

It is contended that the appraisement was not fair, that the valuation was too low, and that it should have been set aside. The evidence upon this question is substantially conflicting, and, while the preponderance seems to be with appellant, we think the finding of the trial court is not without sufficient support and we, therefore, decline to disturb it.

The order of confirmation is

AFFIRMED.