PRUDENTIAL INSURANCE COMPANY, APPELLEE, V. CLAUDE L. NETHAWAY ET AL., APPELLANTS.

FILED JUNE 8, 1934. No. 28751.

*Charles W. Haller*, for appellants.

*Finlayson, Burke & McKie, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and THOMSEN, District Judge.

PER CURIAM.

This is a suit for the foreclosure of a real estate mortgage in which a decree was entered October 17, 1931. A request for stay was then filed and allowed. After this, the plaintiff paid the taxes which according to the provisions of the mortgage were secured by it. July 25, 1932, an order of sale was issued. On August 27, 1932, upon the motion of the plaintiff, a supplemental decree was entered by the court finding that certain taxes were paid by the plaintiff subsequent to the entry of the decree which by virtue of the terms and conditions of the mortgage were properly a part of said mortgage indebtedness and secured thereby. The effect of this decree was to increase the amount due from the defendants to the plaintiff by the amount of the taxes which were paid subsequent to the decree. August 30, 1932, the defendants filed a new request for a stay of nine months under the statute. Comp. St. 1929, sec. 20-1506. On the same day a sale was held and the property sold to the plaintiff, which sale was confirmed November 18, 1932.

The defendants contend that they had a right to a stay of execution from the date of the supplemental decree.

The modification of the decree merely increased the personal liability of the defendants to the plaintiff. It did not affect the decree of foreclosure of the mortgaged property. "A decree of foreclosure, in so far as it directs a sale of the mortgaged property, is in no manner affected by a modification touching the personal liability of one of the defendants." *National Bank of Commerce v. Kinkead*, 61 Neb. 264. The defendants were not entitled to a second nine months' stay because of the modification. There is no reversible error disclosed by the record.

AFFIRMED.