F. L. ALEXANDER, EXECUTOR, APPELLEE, v. ROY OMAN ET AL., APPELLANTS.

289 N. W. 847

FILED FEBRUARY 2, 1940. No. 30710.

*Hoagland, Carr & Hoagland,* for appellants.

*Jeffrey & Padley, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

This is an appeal from an order confirming a judicial

sale of land under a decree of foreclosure of a mortgage. The decree was entered April 10, 1937, fixing the amount due on the indebtedness at $6,960.50, and decreeing the foreclosure of the mortgage securing the same. The decree further determined that the defendant Roy Oman was personally liable for any deficiency. The statutory nine months' stay was granted to the defendants pursuant to their request made in open court.

On January 15, 1938, defendant Roy Oman filed an application praying for a modification of the decree as to amount, claiming that he relied upon the plaintiff to fix the proper amount and that the amount fixed was excessive. The application also recites that the note and mortgage were executed in 1934, and that a deficiency judgment was not authorized. No action appears to have been taken on this application, although the bill of exceptions shows that a stipulation was filed February 5, 1938, reciting that the amount of the decree should have been $6,403.85, and authorizing the clerk to correct the decree to show the amount due.

February 5, 1938, a præcipe was filed for an order of sale to satisfy the decree. The order of sale is not shown, but the sheriff's return shows the "amount of principal" due was $6,403.85 and a sale to one Bauman for $4,025. A motion to confirm the sale was filed March 15, 1938. On March 19, 1938, objections to confirmation were filed. There is no showing that any action was taken on either the motion to confirm or the objections to confirmation.

April 13, 1938, a præcipe for an alias order of sale was filed. The order of sale is not shown, but the sheriff's return shows the "amount of principal $6,403.85," principal and interest due $7,010.33, costs $76.62, total due $7,086.95, and a sale to the plaintiff for that amount.

On January 20, 1939, defendant filed lengthy "amended objections to confirmation of sale." On the same day, hearing was had, and the court confirmed the sale and ordered the sheriff to execute and deliver a deed to the purchaser. This appeal has been taken from that order.

Defendants present here, in part, the same objections presented to the trial court.

Defendants contend that they were entitled to a nine months' stay of the order of sale upon the decree beginning after the correction. The filing of the stipulation reducing the amount of the judgment did not vacate the decree nor change the date thereof. See *Hoyt v. Little*, 55 Neb. 71, 75 N. W. 56. The filing of the request for a stay of the order of sale to be effective must be made within twenty days after the rendition of the decree. Comp. St. 1929, sec. 20-1506. *Prudential Ins. Co. v. Nethaway*, 127 Neb. 330, 255 N. W. 26.

Defendants contend that the trial court erred in confirming the second sale, while the application for a modification of the decree was pending and while the return to the first order of sale and objections thereto were pending. It will be noted from the returns that the orders of sale fixed the amount which defendants stipulated was correct as the amount due on the decree, and that the property sold at the second sale for the full amount of the decree, interest and costs. This effectively disposes of the two objections urged against the decree. Prejudice to the right of the defendants is not shown.

This court has held: "A sale will not be set aside for irregularities or errors not prejudicial to the party complaining." *Miller v. Lanham*, 35 Neb. 886, 53 N. W. 1010.

The industry of counsel for defendants has caused them to suggest other errors in the proceedings of the trial court. These have been examined, and error prejudicial to the defendants has not been found.

The decree of the trial court is

AFFIRMED.