Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/07/2018 08:09 AM CST

Mutual of Omaha Bank, appellee, v. Robert W. Watson,
appellant, and Shona Rae Watson, appellee, formerly
husband and wife, and Community Bank of
Lincoln, Trustee and beneficiary,
et al., appellees.

___ N.W.2d ___

Filed December 7, 2018.    No. S-17-1332.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional issue that
   does not involve a factual dispute presents a question of law, which an
   appellate court independently decides.
2. **Judgments: Words and Phrases.** A judgment is the final determination
   of the rights of the parties in an action.
3. **Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902
   (Reissue 2016), the three types of final orders which may be reviewed
   on appeal are (1) an order which affects a substantial right and which
   determines the action and prevents a judgment, (2) an order affecting
   a substantial right made during a special proceeding, and (3) an order
   affecting a substantial right made on summary application in an action
   after judgment is rendered.
4. **Final Orders: Words and Phrases.** A substantial right is an essential
   legal right.

Appeal from the District Court for Lancaster County: John
A. Colborn, Judge. Appeal dismissed.

Robert Watson, pro se.

Eric H. Lindquist, P.C., L.L.O., for appellee Mutual of
Omaha Bank.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

Robert W. Watson appeals from an order of the district court denying his request for a stay of an order of sale in a judicial foreclosure action. Watson claims he was entitled to such a stay under Neb. Rev. Stat. § 25-1506 (Reissue 2016). We conclude that the order denying the request for a stay was not appealable and therefore dismiss the appeal.

## BACKGROUND

This is not the first time this matter has come before this court. After the district court determined that Watson and his former spouse owed Mutual of Omaha Bank (Mutual) $533,459.36, ordered an execution sale, and foreclosed Watson and his former spouse from asserting any interest in the relevant property, Watson perfected a timely appeal. We affirmed. See *Mutual of Omaha Bank v. Watson*, 297 Neb. 479, 900 N.W.2d 545 (2017).

After our opinion was issued, Mutual applied to the district court for and received a supplemental decree. In the supplemental decree, the court stated that Mutual paid sums connected to the mortgaged property that were not included in the initial decree and ordered that those amounts be added to the amount due Mutual. Watson requested a stay of the order of sale. The district court issued an order denying Watson's request for a stay. Watson appeals from this order.

## ASSIGNMENT OF ERROR

Watson assigns one error on appeal: The district court erred by denying his request for a stay of the order of sale.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court

independently decides. *In re Interest of Tyrone K.*, 295 Neb. 193, 887 N.W.2d 489 (2016).

## ANALYSIS

Mutual contends that this appeal should be dismissed for lack of appellate jurisdiction. For reasons set forth below, we agree.

[2] Neb. Rev. Stat. § 25-1911 (Reissue 2016) gives appellate courts jurisdiction to review "[a] judgment rendered or final order made by the district court . . . for errors appearing on the record." For purposes of appellate jurisdiction, "[a] judgment is the final determination of the rights of the parties in an action." Neb. Rev. Stat. § 25-1301(1) (Reissue 2016). As there is no question that the district court's order denying Watson's request for a stay did not finally determine the rights of the parties in an action, that order is not a judgment and thus is only appealable if it qualifies as a final order.

[3] Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), the three types of final orders which may be reviewed on appeal are (1) an order affecting a substantial right in an action that, in effect, determines the action and prevents a judgment; (2) an order affecting a substantial right made during a special proceeding; and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. *Cullinane v. Beverly Enters. - Neb.*, 300 Neb. 210, 912 N.W.2d 774 (2018). Because all three types of reviewable final orders affect a substantial right in the action, it is not necessary to evaluate each of the three categories individually in cases in which the order from which an appeal is taken does not affect a substantial right. See, e.g., *Deines v. Essex Corp.*, 293 Neb. 577, 581, 879 N.W.2d 30, 33 (2016) ("in this appeal, it is not necessary to decide whether the order [at issue] fits into any of the three categories, because the dispositive issue here is whether the order affects a substantial right in the action"). This is such a case.

Watson contends that he had a substantial right to a stay under § 25-1506 and that the district court's order denying his request for a stay affected that right. The relevant portion of § 25-1506 provides as follows: "The order of sale on all decrees for the sale of mortgaged premises shall be stayed . . . after the entry of such decree, whenever the defendant shall, within twenty days after the entry of such decree, file with the clerk of the court a written request for the same."

A decree was issued in the foreclosure action in September 2016. Watson did not seek a stay within 20 days after the entry of that decree. He instead filed his first appeal. Watson acknowledges that he would ordinarily not be entitled to a stay at this point given his failure to ask for a stay within 20 days of the decree. He contends that he is nonetheless entitled to a stay in this case, because the district court entered a *supplemental decree* after his appeal was decided and he requested a stay within 20 days of its entry.

Watson's argument, however, is inconsistent with our precedent. In *Prudential Ins. Co. v. Nethaway*, 127 Neb. 330, 255 N.W. 26 (1934), after a foreclosure decree was issued and a defendant requested and received a stay, the plaintiff sought and obtained a supplemental decree. Like the supplemental decree in this case, the supplemental decree only had the effect of increasing the amount the plaintiff owed the defendant. The defendant responded by requesting another stay. We held that the defendant was not entitled to a stay following the supplemental decree. We explained that "[t]he modification of the decree merely increased the personal liability of the defendants" and "did not affect the decree of foreclosure of the mortgaged property." *Id*. at 331, 255 N.W. at 27.

Watson contends that *Nethaway* merely stands for the proposition that once a party has requested and obtained one stay, they may not obtain a second stay following the entry of a supplemental decree. We do not believe this is a correct reading of *Nethaway*. Our rationale for holding that the defendant

in *Nethaway* was not entitled to a stay had nothing to do with the fact that the defendant had already received one stay. Rather, our decision rested on the nature of the supplemental decree, specifically that it was not a new decree but a modification of the existing one. For that reason, we understand *Nethaway* to hold that the issuance of a supplemental decree that merely increases the amount due from a defendant does not give rise to a right to seek a statutory stay.

[4] A substantial right is an essential legal right. *Shawn E. on behalf of Grace E. v. Diane S.*, 300 Neb. 289, 912 N.W.2d 920 (2018). Because a supplemental decree like the one at issue in this case does not give rise to a right to seek a statutory stay, we find that the district court's order denying Watson's request for a stay did not affect any right, much less an essential legal right. The order is therefore not final, and we lack jurisdiction to decide the appeal.

## CONCLUSION

The district court's order denying Watson's request for a stay was not an appealable order. Lacking appellate jurisdiction, we are obligated to dismiss the appeal.

APPEAL DISMISSED.