GEORGE J. SPENCER, APPELLANT, V. AUGUSTUS L. MOYER ET AL., APPELLEES.

29 305|<br>38 187|

[FILED APRIL 8, 1890.]

**Mortgage: LAND CONTRACT TREATED AS: FORECLOSURE; STAY.** In an action brought on a land contract, in the prayer of the petition such contract was treated as a mortgage; in the answer of defendant said contract was alleged to have been executed and delivered as a mortgage, and the judgment was both in form and substance a decree of foreclosure and sale of mortgaged premises. *Held*, That a stay of the execution of said judgment upon the request of defendants, without bond, would be upheld as that of a mortgage.

APPEAL from the district court for Hall county. Heard below before HARRISON, J.

*O. A. Abbott*, for appellant.

*Thompson Bros., contra,* cited: Boone, Mortgages, sec. 37, and cases.

COBB, CH. J.

The appellant brought an action in the district court of Hall county to enforce the terms of purchase and sale of real estate on the following contract:

"This agreement, made this 18th day of October, 1888, between Geo. J. Spencer of the first part, and A. L. Moyer of the second part, all of Grand Island, Nebraska, witnesseth: The said Spencer agrees to sell and convey to the said Moyer all his right, title, and interest in and to the property known as the large Bellamy House and half acre lot, as now occupied by said Moyer in Grand Island, Nebraska, upon the payment to him of the sum of $1,131.63, which amount said Moyer agrees to pay to said Spencer as follows: $150 thereof to be paid down at this date, $231.63

20

to be paid on or before the 3d day of January, 1889, and the remaining $750 to be paid on or before the 1st day of June, 1889, with interest at the rate of ten per cent per annum from this date until paid upon all deferred payments, with the privilege of paying as much sooner as he may choose, in sums of not less than $100 at a time.

"There is a mortgage upon the above mentioned house and lot and other property given by Geo. Bellamy to David Mann for $800 and interest at eight per cent, which said Moyer also agrees to assume payment of as a part of the consideration of this contract and save said Spencer harmless from in addition to the above mentioned payments to be made to said Spencer, and said Moyer also assumes payment of all taxes against said property. Upon receipt of the above purchase price and interest thereon, as above mentioned, said Spencer agrees to execute and deliver to said Moyer his deed of conveyance of said premises, describing the same by proper metes and bounds, with good and sufficient warranty of title, except as to the above mortgage and taxes.

"Witness our hands this 18th day of October, 1888.

"GEO J. SPENCER.

"A. L. MOYER.

"Indorsed: $150 received on this contract October 18, 1888.   Geo. J. Spencer."

The plaintiff alleged that there was due on the contract $981.63, with interest, on account of deferred payments and $30 on account of taxes due for the years 1886-7-8; that said Augustus L. Moyer has, since the date of the contract, occupied and enjoyed the premises and has commenced to remove improvements built thereon, and is committing waste, to the injury and damage of the plaintiff; that Mira Moyer is the wife of Augustus L. Moyer and has a contingent right of dower in the premises; that the plaintiff is ready to execute a deed for the premises upon the payment of the contract price, and prays that an ac-

·count may be taken and the defendant decreed to pay the amount due within a short time, to be fixed, or in default that the premises be ordered to be sold as upon execution to satisfy the amounts due and to become due, with interest and costs.

The defendants answered, admitting the allegations of the petition and stating that the contract was executed and signed and delivered to the plaintiff as a mortgage on the premises and was a mortgage thereon for security for the faithful performance of the contract.

The plaintiff replied, denying each and every allegation ·of new matter in the answer contained.

On the 25th of June, 1889, the cause was submitted to ·the court, without a jury, which found that there was due to the plaintiff, under the terms of the contract, on January 5, 1889, $236.64, and that the further sum of $796.22 became due after the commencement of this suit, June 1, 1889, and that there is now due the sum of $1,047.95, bearing interest at ten per cent per annum, with decree of foreclosure and sale, within twenty days, in default of payment of the amount due, of the premises described as follows: All that part or portion of lot number twenty-two, ·of the county subdivision of the west half of the southwest quarter of section ten, in township eleven north, of range nine west, to-wit, a piece of land ninety feet and nine inches in width off the north end of said lot number twenty-two on a line running parallel to the north line of said lot, together with all the tenements, hereditaments, and appurtenances to the same belonging, situate in Hall ·county, Nebraska.

On July 6, 1889, the defendants filed a request for stay of execution upon the judgment and order of sale for the space of nine months from the rendition thereof, to which the plaintiff, on September 3 following, objected and moved to set aside the stay of execution for the reasons that no .security for such stay had been filed with the clerk, and

that the stay was unauthorized by law. This motion of the plaintiff was overruled and the stay of execution granted, to which the plaintiff excepted on the record and appealed to this court.

Section 477 of the Code is divided into ten sub-sections, all devoted to the subject of stay of execution. The first subdivision, or subdivision a, provides that hereafter no stay of execution or order of sale upon any judgment or decree shall be granted for a longer time than nine months from and after the rendition of such judgment or decree. The second, or subdivision b, provides that the order of sale on all decrees for the sale of mortgaged premises shall be stayed for the period of nine months from and after the rendition of such decree, whenever the defendant shall, within twenty days after the rendition of such decree, file with the clerk of the court a written request for the same; Provided, That if the defendant make no such request within said twenty days, the order of sale may issue immediately after the expiration thereof; and the third, or subdivision c, provides that on all judgments for the recovery of money only, except those rendered in any court on appeal or writ of error thereto, or against any officer, or person, or corporation, or the sureties of any of them, for money received in a fiduciary capacity, or for the breach of any official duty, there may be a stay of execution if the defendant therein shall, within twenty days from the rendition of judgment, procure two or more sufficient freehold sureties to enter into a bond acknowledging themselves security for the defendant for the payment of the judgment, interest, and costs from the time of rendering judgment until paid, as follows, etc. The remaining seven subdivisions it is not deemed necessary to refer to.

It thus appears that the legislature has, for the purpose of stay of execution, divided judgments and decrees into three classes: First, those wherein the execution will be stayed by mere request, if timely made in writing; second,

those where executions may be stayed by the defendant's timely procuring two or more sufficient freehold sureties to enter into a bond, etc., and those cases in which no stay is allowed.

The judgment in the case at bar is not one for the recovery of money only; it also provides that in case the defendant fails for twenty days to pay the plaintiff the sum of money therein specified, an order of sale issue for the sale of the real property therein described, etc. It is obvious, therefore, that the case does not fall within the terms of the second class, or cases described in the third subdivision of the section, and as it was doubtless the intention of the legislature to provide for a stay in all cases not specially excepted, unless to do so would be a violation of the language of the statute, it should be held to be within the provisions of the second subdivision of the section.

The instrument sued on is not a technical mortgage, yet it was declared on in the petition substantially as a mortgage, was claimed to be a mortgage by the defendants in the answer, and the form of the decree is the same as it would have been had it been a mortgage in the most technical sense of the word. I therefore conclude that within the sense of the language of section of statute above referred to, the case was one to be stayed upon request without bond.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.