EMELINE CLARK, APPELLEE, V. DAVID PAHL ET AL., APPEL-
LANTS.

FILED DECEMBER 6, 1905.  No. 14,019.

The word "defendant," as used in section 477b of the code, applies to the mortgagor or to persons in privity with him, and not to cross-petitioners seeking to enforce a lien upon the premises, or to parties defendant having only a contingent or collateral interest in the property.

APPEAL from the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*L. W. Colby,* for appellants.

*R. W. Sabin, contra.*

LETTON, C.

An action was brought in the district court for Gage county by the plaintiff against David Pahl, Louis Haverland and Leonard W. Colby to foreclose a mortgage executed by the defendant Pahl to the plaintiff upon certain real estate in that county. Pahl made default, and Colby filed an answer and cross-petition, alleging the recovery of judgment against Pahl and the filing of a transcript with the clerk of the district court, which he alleged created a lien upon the real estate, and prayed that the lien of his judgment might be established as the first lien. A trial was had, and the court found that the amount due plaintiff from the defendant Pahl was the first lien, and that the amount due the defendant and cross-petitioner Colby upon the judgment was a second lien upon the premises, and decree was rendered accordingly. On the same day Colby filed a written request for a stay of the order of sale upon the decree. Objections to such stay were filed by the plaintiff, and a hearing was had; the request for stay was overruled, and the clerk was directed to issue an order of sale

14

upon the decree. To these proceedings Colby took proper exceptions and has brought the case to this court for review.

The sole question presented is whether or not the defendant and cross-petitioner Colby was entitled to a stay of the decree of foreclosure. Section 477b of the code is as follows: "The order of sale on all decrees for the sale of mortgaged premises shall be stayed for the period of nine months from and after the rendition of such decree, whenever the defendant shall within twenty days after the rendition of such decree file with the clerk of the court a written request for the same; *Provided,* That if the defendant make no such request within said twenty days, the order of sale may issue immediately after the expiration thereof." This section constitutes section 2 of "An act to provide for stay of execution and orders of sale," approved February 23, 1875. The act covers the stay of execution in cases for the recovery of money only, as well as those for the foreclosure of mortgages, and from its context would seem to apply only to the judgment debtor and to the defendant mortgagor or his privies. It seems clear to us that the word "defendant," as used in this section, is intended to apply only to the mortgagor or to persons in privity with him, and that it was never the intention of the legislature that cross-petitioners seeking to enforce a lien on the premises or persons who might have only a contingent or collateral interest in the property, more or less remote, should be permitted to deprive the mortgagee of his right to an immediate sale of the premises for the satisfaction of his debt by the mere act of filing a written request for a stay. The purpose of the statute was evidently to give grace to the debtor so that he might have time to pay the debt and prevent a sale. In Iowa, in a case where the mortgagor failed to take a stay, but one Smith, the purchaser of the mortgaged premises, had done so, and his right so to do was challenged, the court upheld it, for the reason that Smith had become the principal debtor by his purchase of the land. *Moses v. Clerk of Dallas District*

*Court,* 12 Ia. 139.   See also, *Corbett v. Waterman,* 11 Ia. 86; *Murray v. Catlett,* 4 G. Greene (Ia.), 108.

It is often necessary or proper in foreclosure cases to make persons parties defendant who have but little interest in the controversy or in the subject matter of the suit. If the word "defendant" is to be construed as including all persons who may be properly made parties defendant to the foreclosure suit, we think it might be productive of much injustice.   In such case, the mortgagee's right to enforce his decree might be made subject to the whim of any person or persons, however slight his or their interest in the premises, who might be made defendants in the foreclosure action.   This, we think, was not the intention of the lawmaker.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.