HENRY HAWKINS, APPELLANT, v. W. E. MULLEN ET AL., APPELLEES.

FILED APRIL 11, 1930. No. 27308.

*A. E. Wenke* and *Zacek & Nicholson*, for appellant.

*S. L. Winters, contra.*

HEARD before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and DAY, JJ., and CARTER, District Judge.

GOSS, C. J.

The only question involved is whether the appellant, Haw-

kins, was entitled to a stay of nine months as if upon a decree for the sale of mortgaged premises.

The decree was entered pursuant to a mandate in *Hawkins v. Mullen*, 118 Neb. 129. The nature of the case must be stated to understand the issue involved here. Hawkins brought suit to quiet title against various parties. He obtained a favorable decree against all of them in the district court. Two of them appealed. One was Farmers Union Cooperative Association. It had a mechanic's lien arising by reason of repairs and improvements upon the premises, made partly under the direct authority of Hawkins and ratified by him as to the rest. The other appellant was Fleming. His interest arose by reason of the fact that his mother's rights in the premises had been assigned to him by quitclaim deed. The mother had paid Hawkins $9,500 as part payment on the land under an oral contract. He had declared the contract forfeited, and had refused to accept the balance of the purchase price or to refund the money paid. As shown in the opinion on the merits, Fleming claimed that the quitclaim deed "was in fact an equitable mortgage representing the amount of money advanced toward the purchase price of the property." This court reversed the judgment and remanded the case, with directions to the district court to ascertain the amount due on the mechanic's lien, to decree it to be a first lien on the premises and award foreclosure thereof; to award Fleming $9,500 with interest at 7 per cent. per annum "from the date of the forfeiture of said contract by appellee, as a condition for the cancelation of the quitclaim deed, and that, in default of such payment by appellee, the said deed stand as a second lien on said lands for the payment of said amount, and that appellant have foreclosure thereof." The decree was entered July 2, 1929, the request for stay was filed July 8, 1929, and the order, striking the request from the record and directing the issuance of an order of sale as provided in the decree, was made September 7, 1929.

Section 8988, Comp. St. 1922, is as follows: "The order of sale on all decrees for the sale of mortgaged premises

shall be stayed for the period of nine months from and after the rendition of such decree, whenever the defendant shall, within twenty days after the rendition of such decree, file with the clerk of the court a written request for the same: Provided, if the defendant make no such request within said twenty days, the order of sale may issue immediately after the expiration thereof."

There are, naturally, few cases construing this statute. We have held that the word "defendant" applies to the mortgagor or to persons in privity with him, and not to a cross-petitioner seeking to enforce a judgment lien upon the premises. *Clark v. Pahl,* 75 Neb. 161. That it does not apply to strict foreclosures. *Harrington v. Birdsall,* 38 Neb. 176. And, where a land contract was treated as a mortgage, a stay of execution upon request of defendants will be upheld as in the case of a mortgage. *Spencer v. Moyer,* 29 Neb. 305.

It is apparent that there is not involved here the enforcement of any lien for a judgment secured in a law action, nor was there any issue resulting in a decree for strict foreclosure. Hawkins contended, when the case was before us on the merits, as recited in the opinion there, "that, even though the appellant might be entitled to a return of the purchase money paid, it cannot be recovered in this action, but that he is relegated to his remedy at law,.and this was the holding of the trial court." Fleming, however, prevailed on this point. It is thus clear that throughout the case, when in this court before and in the final decree in favor of Fleming's lien in the district court, his lien was treated as a mortgage lien.

In *Spencer v. Moyer, supra,* it was said: "The instrument sued on is not a technical mortgage, yet it was declared on in the petition substantially as a mortgage, was claimed to be a mortgage by the defendants in the answer, and the form of the decree is the same as it would have been had it been a mortgage in the most technical sense of the word."

The case last cited has not been criticized or overruled.

It is sought to be distinguished as not applicable because the request for stay there upheld was made by the vendee, whereas here the request was made by Hawkins, the vendor. We can see no force in the argument when considered in the light of the statute and its intent. The statute gives a "defendant" a right to a stay. Strictly speaking, Hawkins was not a defendant. He forestalled the defendants by bringing his suit in equity against them. They set up their equitable rights in his lands and secured no more and no less than if they had been plaintiffs and he the defendant. He did defend their claims and so as a matter of equity he was the defendant in Fleming's counterclaim asking for the allowance of an equitable lien and its foreclosure on the land of Hawkins to secure the repayment of the money paid for a title that Hawkins failed to transfer. We think that, within the meaning and intent of the statute, the request for stay was made by a "defendant."

The rule, as applicable to the instant case, may be put in this form: When, on the merits of a suit in equity on a contract to purchase land which a vendor refused or was unable to convey, the vendee treats the contract as a mortgage and accepts a decree of foreclosure granting him a lien for the money paid by him as fully as if it were a mortgage, the vendor is entitled to a stay of the order of sale under the decree upon filing his written request in compliance with section 8988, Comp. St. 1922.

For the reasons stated, the appellant was entitled to the stay of the order of sale for nine months from the date of the decree. The court erred in striking the request from the record. The judgment of the district court is therefore reversed at the costs of the appellee on this appeal in this court.

REVERSED.