COLUMBUS LAND, LOAN & BUILDING ASSOCIATION, APPELLANT, V. GEORGE W. PHILLIPS, APPELLEE.

FILED APRIL 7, 1933. No. 28468.

*Wagner & Wagner,* for appellant.

*Otto F. Walter, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

This case is brought here on an appeal from an order of the district court recalling an order of sale and allowing a request for a nine months' stay to be filed after the 20 days had expired.

The decree of foreclosure was entered March 25, 1932, and more than 20 days thereafter, to wit, upon April 16, 1932, an order of sale was issued by the clerk of the district court to the sheriff of Platte county to sell the property, and legal advertisement of said sale was begun in the newspaper. Thereafter, and upon May 3, 1932, the defendant, George W. Phillips, filed a motion, asking that the sheriff be required to immediately return to the office of the clerk of the district court the order of sale issued some 17 days prior thereto, and moving the court to

issue an order authorizing him to be permitted to file a request for a nine months' stay. Said motion was supported by an affidavit of the defendant, setting out that shortly after the foreclosure suit was commenced he had an attorney prepare for him a formal request for a stay, and, being without funds, he had not employed counsel for any other purpose; that the attorney mailed the request for a stay to him with instructions for signing and filing it after the decree of foreclosure was entered, but that he had mislaid the request for a stay among a multitude of other papers in his files, and that the matter had entirely slipped his memory until he observed the first publication of notice of sale of his property in the newspaper. He further set out that he had had severe financial reverses and family trouble, which had caused him mental pain and suffering, so that his health had been broken, and his mental condition, memory, and ability to attend to details of business had been seriously impaired.

Upon this motion and affidavit the trial court, upon May 14, 1932, partially granted the request, and entered an order that the sheriff should proceed under the order of sale with reference to the real estate described therein, except as to the homestead of the defendant, against which the order of sale was stayed, and the defendant was authorized to file his request for stay of execution, and supersedeas bond was fixed in the sum of $200. Upon May 16, 1932, notice of appeal was given and bond filed by the plaintiff, Columbus Land, Loan & Building Association. The plaintiff thereupon proceeded with the sale, but the court has held the confirmation of said sale in abeyance, so that more than nine months have elapsed, and said sale has not yet been confirmed.

Section 20-1506, Comp. St. 1929, provides that the order of sale on all decrees of foreclosure shall be stayed for the period of nine months whenever the defendant shall, within 20 days after decree, file with the clerk a written request for the same, but if no such request is filed the

order of sale may issue immediately after the expiration thereof.

We are cited in the brief of the appellee to but one authority in support of the action of the trial judge, which is the case of *State v. Laflin,* 40 Neb. 441, which the appellee cites as holding that the court has power to recall an order of sale for the purpose of permitting the defendant to file a stay. In the case cited, it was held that the filing in this court of a petition in error to review an order of the district court, recalling an order of sale and permitting the request for stay to be filed, does not vacate or suspend such order, and that mandamus would not issue when its effect would be to reverse or vacate an order of a court having jurisdiction to make the order, although the order might be palpably erroneous, and that such an order of the district court could be reviewed on error or appeal.

In the case of *Hawkins v. Mullen,* 119 Neb. 567, it was held that, in a suit in equity to foreclose a contract to purchase land, where said contract is treated as a mortgage lien, the vendor is entitled to a stay of nine months if the request for such stay is filed within the 20 days.

In *Jenkins Land & Live Stock Co. v. Attwood,* 80 Neb. 806, it was held that, where the request for stay was on file prior to the entry of the decree, it was as effective to stay the issuance of an order of sale as though it had been filed within 20 days thereafter, for such filing constitutes a continuing request for such stay. It is also held that the statute plainly limits 20 days subsequent to the decree as the time within which the stay may be filed, and that a stay filed thereafter is inoperative, and that it is not within the power of the courts to enlarge that time.

In the case of *Hoyt v. Little,* 55 Neb. 71, decree of foreclosure was entered June 5 for $363. July 11, order of sale was issued; July 20, a remittitur of $20 was entered in open court, changing the decree to one for $343; and on the same day a request for stay was filed,

the claim being that such request so filed would stay the sale, but this court held that the fact that a remittitur was filed on July 20 did not vacate the decree of foreclosure entered on June 5, any more than a payment on the decree on said date would have vacated the order of sale, and that the request for stay was not filed within 20 days after June 5.

The case at bar was argued orally by the appellant only, and the defendant's attorney mailed a letter to the court, stating that his client had died since he had filed his brief. In this case no claim is made that the defendant was prevented from filing his request for stay by any failure on the part of any officers of the court, but his affidavit sets out the fact that he had been subjected to so much domestic and financial trouble that he forgot and left the request for stay among his papers, and did not file it within the period granted by the statute of 20 days.

No sufficient ground has been presented to this court to set aside the clear requirements of the statute, and we find that the district court was without any authority to recall the order of sale and allow request for stay to be filed after the 20 days had expired. If a longer period for filing such request seems needed by economic conditions, relief in that regard must come from the legislature. The judgment of the district court is hereby

REVERSED.