GOLD WELTY, ADMINISTRATOR, APPELLEE, v. HENRY H. SCHMUTTE ET AL., APPELLEES: WILLIAM L. RICHARDSON, INTERVENER, APPELLANT.

FILED FEBRUARY 21, 1935. No. 29177.

*John J. Wilson*, for appellant.

*Mockett & Finkelstein* and *L. B. Fuller*, contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and CHASE, District Judge.

DAY, J.

This is a mortgage foreclosure, and the appeal is prosecuted by William L. Richardson, an intervener, whose re-

quest for a stay was denied by the trial court. The decree of foreclosure was entered October 10, 1933, and the request for stay was filed by Richardson October 30, 1933.

The history of this litigation is somewhat involved, but not difficult of understanding, although awkward of statement. February 23, 1926, Schmutte executed a mortgage on his farm to the Conservative Mortgage Company to secure certain bonds issued by that company. At the same time, he executed a second mortgage to the company which was foreclosed against Schmutte, and on June 13, 1932, the land was sold to Oeschger C. Wood, attorney for the company. Wood conveyed the title to Lantie May Frost, mother-in-law to John H. Fowler, president of the company. This suit was brought by the owner of a large amount of the bonds. Richardson was not a party to this suit and acquired his claim of title, after *lis pendens* had been filed, by a warranty deed, dated August 28, 1933, and filed September 8, 1933. The decree was entered October 10, 1933. By a warranty deed, dated September 2, 1933, which was not recorded, Richardson conveyed the property to Schmutte for a valid consideration. The question for determination is whether Richardson was, on October 10, in privity with the mortgagor and his successors in title and the owner of the equity of redemption.

In ruling on the motion to strike the request for a stay, a question of fact was presented to the trial court. Since this court is required to try this case *de novo* on the record, we have read all the evidence. From the record we reach the conclusion that the judgment of the trial court was the correct one.

The mortgage foreclosed herein was defaulted June 1, 1929. This mortgage was executed to the Conservative Mortgage Company as trustee for the bondholders. It was the duty of the trustee, Conservative Mortgage Company, to protect the interest of the bondholders. The Conservative Mortgage Company foreclosed a second mortgage securing it and sold the property subject to the first mortgage at judicial sale June 13, 1932. It was purchased by

Oeschger C. Wood, attorney for the company. The property was transferred by him to Lantie May Frost, mother-in-law to John H. Fowler, the president of the company. There is testimony that, after a meeting of the bondholders who were hostile to the company, Fowler advised her to do away with the deed, whereupon she transferred it to Richardson who, with Fieselman, a close business associate and vice-president of the company, executed a warranty deed to the property. Schmutte had lost the property by a judicial sale above described after he had the benefit of a stay of nine months. The idea of Richardson and also of Fieselman, who was so active in this transaction that he cannot be ignored, was that Schmutte should take another stay in this suit. Schmutte was unwilling to do this, and thereupon he handed the deed to Richardson who destroyed it.

Much of the time in oral argument and much of the space in the briefs was devoted to the question of the effect of the execution and subsequent destruction of this deed. It seems so unnecessary to labor with this question. The fact is that Schmutte did not claim any interest in this property, and Richardson did not have any. It is a fair inference, not based upon imaginative suspicion but upon facts in the record, that officers of the Conservative Mortgage Company and their business associates were transferring the title from person to person to the detriment of the bondholders. Richardson himself testified that it was his notion for Schmutte to take a stay and then he "would endeavor to deal with the bondholders, pick up all the bonds," presumably at a discount. And a part of the scheme was to reduce the price of the bonds by means of the stay to prevent the bondholders from realizing anything upon them except by a sale to him. The aid of the court was sought to accomplish this. The trial court properly sustained the motion to strike the request of Richardson for a stay from the files. The word "defendant" in section 20-1506, Comp. St. 1929, providing for a nine months' stay in a mortgage foreclosure, means the

mortgagor or one in privity with him. *Clark v. Pahl,* 75 Neb. 161.

But Richardson testified that he expected to purchase the bonds and refinance for Schmutte for a commission. This is inconsistent with his claim of ownership. Upon his testimony Schmutte was the real owner of the property. Schmutte disclaims any interest in the real estate, and any claim of interest by the Conservative Mortgage Company would be inconsistent with its duty as trustee to the bondholders. So that Richardson who filed the stay was not the mortgagor of the property or one in privity with him. Equity and good conscience require the affirmance of the judgment.

AFFIRMED.