This is an appeal by Ingram from a judgment of the circuit court granting a directed verdict for the defendants.
Ingram was an employee of the State Forestry Commission. In May of 1977 he filed suit for damages against C.W. Moody, individually and as State Forester of the State of Alabama; Richard Cumbie, individually and as communications chief of the Forestry Commission, and all the members of the State Forestry Commission.
The complaint alleged that:
 (3) Without just cause and excuse, the Defendants have heretofore wilfully and maliciously harassed Plaintiff, deprived him of his liberty, and have unlawfully interfered with Plaintiff's right to pursue his chosen means of earning a livelihood. . ..
* * * * * *
 (4) As a proximate result and consequence of the wilful and malicious acts of the Defendants, as aforesaid, Plaintiff has been injured and damaged in that he has been deprived of his right to pursue his chosen profession and to enjoy the benefits thereof, and will in the future be caused to lose earnings from his employment, his reputation has been damaged, he has been caused much physical and mental anguish, he has been caused to suffer from hypertension, he has been and will in the future be caused to incur medical expenses, and he has been otherwise damaged.
 (5) Defendants have individually performed the wrongful acts complained of herein and, further, have conspired with each other to damage Plaintiff as hereinabove described.
 (6) Plaintiff claims punitive damages. WHEREFORE Plaintiff claims damages as aforesaid.
In April of 1978, Moody sent Ingram notice that his employment was being terminated. The reasons given by Moody for termination were: (1) Ingram's continuous failure to respond to supervision; (2) Ingram's failure to recuse himself from the Telecommunications Board when the Alabama Forestry Commission's new radio system was discussed; and (3) his failure to accomplish work assigned. Ingram chose to retire and his discharge never became effective.
Ingram had been employed by the state since 1950 as a communications technician. He was chief of communications for a time, and was responsible for the operation and maintenance of the entire communications system of the department, which is used primarily to aid in suppressing forest fires. The system in use until 1973 was the "county unit" system.
In 1973 the State Forester appointed a committee to study a new communications system known as a "system concept." Ingram was strongly opposed to the proposed new system. R.L. Snider, Ingram's supervisor *Page 524 
at the time, asked him to devise a plan for the new system. Ingram did so despite his strenuous objection. It is manifestly clear from the record that a large part of the controversy centered around who would get their way regarding whether the department would retain the old communications system or change to the new system.
It is clear that Ingram felt his supervisors had treated him badly. Conversely, his supervisors were of the opinion that Ingram was not doing his job properly and that he failed to respond to supervision. In view of our decision there is no need to state the facts in more detail.
It is somewhat difficult to determine the cause, or causes, of action Ingram is relying upon for recovery. He has not alleged that his employment was wrongfully terminated. It is inferable from the facts that he retired to prevent being terminated. Ingram's retirement prevented him from pursuing the administrative remedies provided for in Code 1975, § 36-26-27. Had he not retired and had his termination become effective, and had he pursued his administrative remedies, he might have been reinstated. The law will not speculate on the result of a hearing which was never held.
We are of the opinion that Ingram has failed to prove any facts which would entitle him to relief under any cause of action recognized under state law. Simpson v. Van Ryzin,289 Ala. 22, 265 So.2d 569 (1972), Fraternal Ord. of Police,Strawberry L. # 40 v. Entrekin, 294 Ala. 201, 314 So.2d 663
(1975).
In brief, Ingram asserts a cause of action under a federal statute. Title 42 U.S.C.A. § 1983, provides that:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
Suits under this section are commonly called civil rights actions or § 1983 actions. According to some federal decisions, exhaustion of state administrative remedies is not a prerequisite to a suit under § 1983. Wells Fargo Armored Serv.v. Ga. Public Serv. Com'n, 547 F.2d 938 (5th Cir. 1977). Ordinarily these actions are brought in federal court. State courts may entertain these actions as was the case in Martinezv. California, ___ U.S. ___, 100 S.Ct. 553, 62 L.Ed.2d 481
(1980). In footnote 7 of the above decision the U.S. Supreme Court observed that the Court has never considered whether a state court must entertain a claim under § 1983. In view of our decision we need not address whether a state court may refuse to entertain such actions.
Insofar as the federal action is concerned, we think this case must be decided on the failure of Ingram's pleadings to allege a § 1983 action. We have searched the entire record and have not found one reference to this being a § 1983 action. Not even a citation of the statute appears in the record.
Immediately prior to trial the judge asked the attorneys to state the nature of their case or defense. The attorneys responded, but there was no mention of a § 1983 action. There was no pre-trial order defining the issues. We are aware of the liberal construction to be placed on pleadings mandated by Rule 8 ARCP. Nevertheless, we are of the opinion that the record before us will not support the conclusion that the case was tried on § 1983 considerations. McCullough v. AlabamaBy-Products Corp., 343 So.2d 508 (Ala. 1977); Fraternal Ord. ofPolice, supra.
This Court will not review a judgment on theories of law which were not properly presented to a trial court.
The judgment granting a directed verdict for the defendants is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and EMBRY, JJ., concur. *Page 525