DEBBIE MALDONADO ET AL., APPELLEES, V. NEBRASKA
DEPARTMENT OF PUBLIC WELFARE ET AL., APPELLANTS.
LOIS BURNSIDE, APPELLEE, V. GINA C. DUNNING, DIRECTOR,
DEPARTMENT OF SOCIAL SERVICES, ET AL., APPELLANTS.
391 N.W.2d 105

Filed August 1, 1986.   Nos. 84-843, 84-869.

Robert M. Spire, Attorney General, and Royce N. Harper, for appellants.

Ronald L. Sanchez, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Defendants-appellants, Nebraska Department of Public Welfare et al. and Gina C. Dunning (director of the Nebraska Department of Social Services) et al., appeal from separate orders entered in the district courts for Lincoln and Dawson Counties, Nebraska. The orders appealed from awarded attorney fees to the plaintiffs-appellees, Debbie Maldonado et al. and Lois Burnside. The only issue in each appeal concerns the appropriateness of the district court's award of attorney fees. The cases were consolidated for briefing and oral argument in this court.

Both appeals involve actions brought in the respective district courts by appellees, seeking review of adverse agency decisions, pursuant to Neb. Rev. Stat. §§ 84-917 through 84-919 (Reissue 1981). In each case the plaintiffs had lost claims for benefits before the administrative agency and had appealed to the district court. Plaintiffs prevailed in the district court and thereafter filed a motion requesting that attorney fees be awarded. Plaintiffs asserted that the district court had jurisdiction of their claims under 42 U.S.C. § 1983 (1982) and, therefore, plaintiffs were entitled to attorney fees pursuant to 42 U.S.C. § 1988 (1982). We first note that the Nebraska agency named in each petition is the same. Effective August 26, 1983, pursuant to Neb. Rev. Stat. § 68-722 (Cum. Supp. 1984), the name "Department of Public Welfare" was changed to "Department of Social Services." The administrative agency will be referred to as the department in each case.

Defendants contend that § 1988 is only applicable in actions based on § 1983; that Nebraska's administrative proceedings are not actions based upon § 1983; and that, therefore, attorney fees cannot be granted pursuant to § 1988. Defendants also contend that the doctrine of sovereign immunity precludes suits against the state pursuant to § 1983 in its own courts in the absence of any specific state legislation waiving the state's immunity.

The district court granted plaintiffs' motions requesting attorney fees, citing § 1988 as providing the court with authorization to award fees. Defendants' motions for a new trial were overruled. The defendants have since timely appealed to this court. For the reasons stated below we affirm.

The facts in each case are slightly different. In case No. 84-843 Maldonado filed a petition in the district court for Lincoln County, Nebraska, on November 22, 1982, against the department and state and county officials in their official capacities as administrators of the aid to dependent children program (hereafter ADC). The petition sought review of the department's administrative action. Maldonado alleged that the state agency and officials counted income as twice being available to her, thereby reducing her ADC payment and thus depriving her and her children of the proper amount of ADC.

The defendants filed a general denial. Before filing her petition, Maldonado had exhausted her administrative appeals pursuant to Neb. Rev. Stat. § 68-1016 (Reissue 1981). The record before the district court consists entirely of Maldonado's previous administrative hearing.

On July 24, 1984, the district court entered its order finding that the defendants had incorrectly computed Maldonado's September 1982 ADC grant, and ordered the defendants to recompute the ADC benefits due Maldonado. On July 27, 1984, Maldonado filed a motion requesting attorney fees be granted. On August 16, 1984, the district court entered its order awarding attorney fees of $475 to Maldonado. The court found that even though Maldonado's petition did not specifically state that her action was brought under § 1983, "the allegations of the petition relate to deprivation of Constitutional rights which would permit attorneys fees pursuant to Section 1988 USC." Defendants-appellants do not challenge, in this appeal, the correctness of the district court's action in reversing the agency's determination against Maldonado, but appeal only from the award of attorney fees.

In case No. 84-869, Burnside filed a petition on June 15, 1984, in the district court for Dawson County, Nebraska, against the Nebraska Department of Social Services and Gina C. Dunning in her official capacity as administrator of the aid to the aged, blind, and disabled (hereafter AABD) and medicaid programs. Burnside alleged in her petition that the defendants had improperly terminated her AABD grant and medicaid assistance. The defendants filed a general denial. Before filing her petition, Burnside had exhausted her administrative remedies pursuant to § 68-1016.

A hearing was held in district court on August 24, 1984. In addition to arguing the merits of her case at that hearing, Burnside also filed a motion requesting payment of attorney fees. On September 11, 1984, the district court entered its judgment in favor of Burnside and against the defendants. The court found that the defendants had violated Burnside's due process rights to a fair hearing as established under the U.S. Constitution and federal law. In so doing, the defendants acted under color of Nebraska law and regulations. The court

awarded attorney fees of $865 along with nominal damages and court costs. Again, defendants-appellants do not appeal from the district court's determination on the merits of the case, but only from the award of attorney fees.

Section 1983 provides in part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

If a person is successful in pursuing a § 1983 claim, § 1988 allows that person to recover attorney fees. Section 1988 provides in pertinent part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

Section 1988 was intended as an incentive for private enforcement of civil rights and serves as a general avenue for award of attorney fees following action under § 1983. *Maher v. Gagne*, 448 U.S. 122, 100 S. Ct. 2570, 65 L. Ed. 2d 653 (1980).

The defendants have assigned three errors. All of these errors concern questions of law. Regarding questions of law, this court has an obligation to reach its conclusion independent from the conclusion reached by a trial court. *Boisen v. Petersen Flying Serv.*, 222 Neb. 239, 383 N.W.2d 29 (1986).

In their first and third assignments of error, the defendants contend that "[a]n appeal from a finding and order of a director of a state agency pursuant to Neb. Rev. Stat. § 84-917 (Reissue 1981) is not an action under 42 U.S.C. § 1983," and that "[t]he district court erred in awarding attorney fees to plaintiffs pursuant to 42 U.S.C. § 1988." Since these two assignments are interrelated, they will be considered together.

The defendants contend that "the district court erred in not finding the *Maldonado* petition to be procedurally deficient in that § 1983 was never cited as a jurisdictional basis." Brief for

Appellants at 6. The defendants contend that since no notice of a § 1983 claim was given either in the plaintiffs' petition or in open court, the defendants were denied the opportunity to contest the appropriateness of utilizing a § 1983 claim in the context of the district court's reviewing a state agency administrative decision. In support of their position defendants cite *Ingram v. Moody*, 382 So. 2d 522 (Ala. 1980). In *Ingram* the Alabama Supreme Court held that when the petition fails to allege an action under § 1983 and the record before the court did not support the conclusion that the case was tried on § 1983 considerations, there could be no recovery under § 1983.

A review of Maldonado's petition shows that § 1983 was not cited in any manner. We hold, however, that the petition sufficiently states facts which allege a claim under § 1983. In Nebraska's code system of pleading, the facts well pled, and not the theory of recovery, state the cause of action. *Moore v. Puget Sound Plywood*, 214 Neb. 14, 332 N.W.2d 212 (1983); *Newman Grove Creamery Co. v. Deaver*, 208 Neb. 178, 302 N.W.2d 697 (1981). Other states have also held that specific citation of § 1983 is not required to state a cause of action under § 1983. *Fairbanks Correctional Center v. Williamson*, 600 P.2d 743 (Alaska 1979); *Stanton v. Godfrey*, 415 N.E.2d 103 (Ind. App. 1981); *Gumbhir v. Kansas State Board of Pharmacy*, 231 Kan. 507, 646 P.2d 1078 (1982). In addition, the district court's final order shows on its face that the theory under which the case was decided was § 1983. The *Ingram* case is not controlling in this case.

Defendants then contend that attorney fees were not properly awarded. The plaintiffs submit that § 1988 supplies the statutory authority for attorney fees in this case. The relevant part of § 1988 provides: "In any action or proceeding to enforce a provision of sections . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." In assessing such fees, we hold that the attorney fees for services rendered in the district court to Maldonado and Burnside are compensable under § 1988. Our basis for so holding is based on *Maine v. Thiboutot*, 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980).

In *Thiboutot* the Maine Department of Human Services notified the Thiboutots of a reduction in their aid to families with dependent children (AFDC) benefits. The department deemed the reduction was required by a change in federal regulations. The Thiboutots pursued their state administrative remedies, seeking to have the department reverse its findings. The department ruled against them. Having exhausted their state administrative remedies, the Thiboutots then sought judicial review of the administrative action in the state superior court. The Thiboutots later amended their complaint by also claiming relief under § 1983 for themselves and others similarly situated. The Thiboutots were successful in prevailing on the merits of their action, but the superior court denied their request for attorney fees. The Supreme Judicial Court of Maine, 405 A.2d 230 (1979), however, concluded that while the Thiboutots were not entitled to attorney fees under state law, they were entitled to attorney fees pursuant to § 1988.

The U.S. Supreme Court upheld the award for attorney fees based on the language of § 1988. The Court set out that in 1976 a sentence was added to § 1988, which provided in part: " 'In *any action* or proceeding *to enforce* a provision of sections . . . *1983* . . . the court, in its discretion, may allow . . . a reasonable attorney's fee . . . .' " (Emphasis in original.) 448 U.S. at 9. The Court interpreted the above language in the following manner: "The statute [§ 1988] states that fees are available in *any* § 1983 action. Since we hold that this statutory action is properly brought under § 1983, and since § 1988 makes no exception for statutory § 1983 actions, § 1988 plainly applies to this suit." (Emphasis in original.) *Id.*

The Court held that the Thiboutots "properly brought [their statutory action] under § 1983." The Supreme Court held that a claim under § 1983 may be brought in a state court in the procedural context of a state court's reviewing the actions of a state administrative agency, and attorney fees may be awarded under § 1988 in such a case.

Maldonado and Burnside initially raised their rights under § 1983 in the district court, following an unsuccessful attempt to adjudicate their rights at the administrative agency level. Maldonado and Burnside have raised their § 1983 claims in the

same procedural context as did the Thiboutots. We hold that *Thiboutot* controls the award of attorney fees for services in the district court as compensable under § 1988.

The defendants argue that "the doctrine of sovereign immunity bars such suits in the absence of any specific state legislation authorizing such a suit to be brought" (brief for Appellants at 8), citing Neb. Const. art. V, § 22. We hold that the defendants have laid down their sovereign immunity insofar as state actions are concerned in the context of this case. The programs under which Maldonado and Burnside receive their public assistance are funded by the Social Security Act and administered through the Nebraska Department of Social Services. In the hearing before the department in the *Maldonado* case, plaintiffs submitted an exhibit containing 17 pages of federal regulations which were to be applied in determining the amount of ADC to which plaintiffs were entitled. Clearly, Maldonado's rights were secured by the laws of the United States, and the department, acting under color of Nebraska law, deprived Maldonado of those rights. The same reasoning applies to the *Burnside* case.

In addition, Neb. Rev. Stat. § 68-1204 (Reissue 1981) provides that "the state hereby accepts and assents to all applicable provisions of the federal Social Security Act." By implication, the state has also assented to the determination of any grievances which might arise out of its administration of the Social Security programs. The courts of Nebraska are bound to adjudicate matters such as those in the cases at bar through Nebraska appeal statutes. The defendants' claim that sovereign immunity bars a § 1983 claim in our state courts is without merit. We hold that in each case the district court properly awarded attorney fees under § 1988.

The weight of authority, however, holds that § 1988 does not provide a basis for an attorney fee in appearances before administrative agencies. *Webb v. Dyer County Bd. of Ed.*, 471 U.S. 234, 105 S. Ct. 1923, 85 L. Ed. 2d 233 (1985); *Horacek v. Thone*, 710 F.2d 496 (8th Cir. 1983); *Redd v. Lambert*, 674 F.2d 1032 (5th Cir. 1982).

In *Webb v. Dyer County Bd. of Ed., supra*, the U.S. Supreme Court, in denying attorney fees related to the

administrative hearings in the case, stated:

> Congress only authorized the district courts to allow the prevailing party a reasonable attorney's fee in an "action or proceeding to enforce [§ 1983]." Administrative proceedings established to enforce tenure rights created by state law simply are not any part of the proceedings to enforce § 1983, and even though the petitioner obtained relief from his dismissal in the later civil rights action, he is not automatically entitled to claim attorney's fees for time spent in the administrative process on this theory.

471 U.S. at 241.

The record before us shows that all the attorney fees awarded in *Burnside* were for services rendered in the district court. The record shows that counsel for Burnside was not engaged until after the administrative proceedings were completed. Burnside's fees are entirely compensable under § 1988, and the district court's order is affirmed.

The record is not clear if the attorney fees awarded in *Maldonado* were partly for services rendered at the department level and partly at the district court level. Based on the previous cases cited herein, any fees awarded for representation at the administrative agency level are not compensable under § 1988. *Maldonado* is thus remanded to the district court for a determination as to whether the attorney fees are for services in the district court.

The judgment in *Burnside* is affirmed, and Burnside is awarded the sum of $500 as attorney fees on this appeal.

> CAUSE IN NO. 84-843 REMANDED FOR FURTHER PROCEEDINGS. JUDGMENT IN NO. 84-869 AFFIRMED.