Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/01/2019 09:07 AM CST

- 810 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

AZAR WEBB, APPELLEE, V. NEBRASKA DEPARTMENT
OF HEALTH AND HUMAN SERVICES
ET AL., APPELLANTS.

___ N.W.2d ___

Filed December 7, 2018.    No. S-17-931.

1. **Jurisdiction.** A jurisdictional question which does not involve a factual dispute presents a question of law.
2. **Statutes.** Statutory interpretation presents a question of law.
3. **Judgments: Appeal and Error.** Appellate courts independently review questions of law decided by a lower court.
4. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
5. **Courts: Jurisdiction: Legislature: Appeal and Error.** In order for the Nebraska Supreme Court to have jurisdiction over an appeal, appellate jurisdiction must be specifically provided by the Legislature.
6. **Jurisdiction: Final Orders: Appeal and Error.** When an appeal presents the two distinct jurisdictional issues of appellate jurisdiction and the trial court's lack of subject matter jurisdiction, the first step is to determine the existence of appellate jurisdiction by determining whether the lower court's order was final and appealable.
7. ____: ____: ____. For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.
8. **Final Orders: Appeal and Error.** The three types of final orders that an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered.
9. **Judgments: Final Orders: Civil Rights: Appeal and Error.** A court's decision on the merits of an action under 42 U.S.C. § 1983 (2012) is an appealable order.

10. **Courts: Jurisdiction: Appeal and Error.** The matter of acquiring jurisdiction by an appellate court is indeed a technical matter and one over which courts have no discretion.

11. **Jurisdiction: Words and Phrases.** The term "jurisdictional" properly applies only to prescriptions delineating the classes of cases (subject matter jurisdiction) and the persons (personal jurisdiction) implicating that authority.

12. **Jurisdiction: Presumptions.** In a court of general jurisdiction, jurisdiction may be presumed absent a record showing the contrary.

13. **Administrative Law: Courts: Appeal and Error.** An Administrative Procedure Act proceeding in district court for review of a decision by an administrative agency is not an "appeal" in the strict sense of the term, meaning the power and authority conferred upon a superior court to reexamine and redetermine causes tried in inferior courts, but, rather, is the institution of a suit to obtain judicial-branch review of a nonjudicial-branch decision.

Appeal from the District Court for Lancaster County: Susan I. Strong, Judge. Affirmed.

Douglas J. Peterson, Attorney General, and David A. Lopez for appellants.

Robert E. McEwen and Sarah C. Helvey, of Nebraska Appleseed Center for Law in the Public Interest, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg JJ.

Funke, J.

The Nebraska Department of Health and Human Services and two of the department's officers, in their official capacities (collectively DHHS), appeal the district court for Lancaster County's determinations in favor of Azar Webb. After DHHS ended Webb's Medicaid benefits and denied his petition for reinstatement, Webb filed a claim in district court under the Administrative Procedure Act (APA)[1] for unlawful termination

---

[1] See Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 2014, Cum. Supp. 2016, & Supp. 2017).

of Medicaid eligibility. Webb's district court pleading added, along with his administrative appeal, a claim of violation of federal rights under 42 U.S.C. § 1983 (2012).

The court reversed DHHS' decision and ordered reinstatement of Webb's coverage and reimbursement of medical expenses which should have been covered. The court also found in Webb's favor on the merits of his § 1983 claim and enjoined DHHS officials from denying Webb Medicaid eligibility. The court denied Webb's request for attorney fees under state law; granted his request for attorney fees pursuant to 42 U.S.C. § 1988 (2012); provided Webb 10 days to submit evidence of his fees; and, following a hearing, awarded Webb attorney fees pursuant to § 1988. DHHS filed a notice of appeal within 30 days of the order regarding attorney fees. DHHS' sole argument on appeal is that the district court lacked subject matter jurisdiction to consider Webb's § 1983 claim in the same lawsuit in which the court considered an appeal from a contested case under the APA and that, as a result, the court lacked the authority to award Webb attorney fees.

We conclude that both the court's judgment on the merits and its order for attorney fees are final and appealable. We have appellate jurisdiction to consider DHHS' appeal, because DHHS timely appealed from the attorney fees order and DHHS' challenge goes to the district court's authority to grant relief under §§ 1983 and 1988.

We find that the district court is a court of general, original jurisdiction with authority to consider a § 1983 claim and that the APA does not include any provisions limiting a district court's general jurisdiction with respect to claims independent of the APA. It falls to the Legislature, and not to this court, to limit a district court's authority to consider a § 1983 claim in conjunction with an APA claim. As a result, once the district court separately and independently resolved Webb's APA claim, the court had the authority to grant Webb relief under §§ 1983 and 1988. We therefore affirm.

- 813 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

## BACKGROUND

Webb was a participant in the bridge to independence program, a Medicaid program provided under the Young Adult Bridge to Independence Act, Neb. Rev. Stat. §§ 43-4501 to 43-4514 (Reissue 2016). In July 2015, the separate juvenile court of Douglas County made a determination that participating in the program was in Webb's best interests. Webb entered into a "Voluntary Placement Agreement" with the State of Nebraska and was placed under the care and responsibility of DHHS. When Webb turned 21 years of age, DHHS determined that Webb was no longer eligible for Medicaid and discharged him from the program. Webb appealed and argued that pursuant to title XIX of the Social Security Act, he was Medicaid eligible until the age of 26 under 42 U.S.C. § 1396a(a)(10)(A)(i)(IX) (Supp. V 2017). DHHS affirmed its decision to terminate Webb's coverage on the basis that it was not certain that Webb's participation in the bridge to independence program constituted "foster care" under the responsibility of the State, one of the four statutory requirements for eligibility under 42 U.S.C. § 1396a(a)(10)(A)(i)(IX). DHHS acknowledged that Webb had met the other statutory criteria.

Webb filed a petition in district court which asserted two grounds for relief against DHHS. Webb's first claim for relief was for judicial review under the APA. Webb alleged that the court had jurisdiction over his APA claim pursuant to § 84-917. In addition, Webb asserted a claim for deprivation of federal rights under § 1983. Webb's petition alleged that jurisdiction over the § 1983 claim was proper pursuant to Neb. Rev. Stat. § 24-302 (Reissue 2016), which provides that "[t]he district courts shall have and exercise general, original and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided." Webb's petition alleged that he had significant healthcare needs which were urgent and ongoing.

DHHS moved to dismiss the § 1983 claim pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6). Webb responded by moving for

- 814 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

summary judgment on the § 1983 claim. The court held a hearing on these motions and Webb's APA claim.

On May 10, 2017, regarding Webb's APA claim, the court issued an order which determined that Webb was in "foster care" through his participation in the bridge to independence program. The court ruled that because Webb had entered into a "Voluntary Placement Agreement" with DHHS, he was under the jurisdiction of the juvenile court, he was under DHHS' placement and care, DHHS was responsible for supervising and managing his services, and he was placed in a supervised independent living setting. As a result, the court found that Webb had met all eligibility requirements of 42 U.S.C. § 1396a(a)(10)(A)(i)(IX) and concluded that Medicaid coverage for Webb was mandatory until he is 26 years of age. The court reversed DHHS' decision and remanded the cause with directions to reinstate Webb's Medicaid coverage and to reimburse him for medical expenses which should have been covered.

Once the court determined the merits of Webb's APA claim, in the same written order, the court considered the parties' motions concerning the § 1983 claim. In regard to the motion to dismiss, the court considered whether it had jurisdiction to adjudicate a claim for judicial review under the APA and a § 1983 claim in the same proceeding. The court found that it did based on our decision in *Maldonado v. Nebraska Dept. of Pub. Welfare*,[2] which cited the U.S. Supreme Court's decision in *Maine v. Thiboutot*[3] for the proposition that "a claim under § 1983 may be brought in a state court in the procedural context of a state court's reviewing the actions of a state administrative agency, and attorney fees may be awarded under § 1988 in such a case."[4]

---

[2] See *Maldonado v. Nebraska Dept. of Pub. Welfare*, 223 Neb. 485, 391 N.W.2d 105 (1986).

[3] See *Maine v. Thiboutot*, 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980).

[4] *Maldonado, supra* note 2, 223 Neb. at 490, 391 N.W.2d at 109.

- 815 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

The court granted in part DHHS' motion to dismiss the § 1983 claim, finding that Webb's § 1983 claim could not be pursued against DHHS. The court denied the remainder of the motion and found the claim was properly brought against the official capacity defendants based on their unlawful termination of Webb's Medicaid eligibility. The court then sustained Webb's motion for summary judgment on his § 1983 claim, because there was no genuine issue of material fact that (1) Webb was an intended beneficiary of 42 U.S.C. § 1396a(a)(10)(A)(i)(IX), (2) the rights Webb sought to be enforced were specific and enumerated, and (3) the obligation imposed on the State was unambiguous and binding. The court granted Webb's request for injunctive relief in the form of enjoining the official capacity defendants from denying Webb Medicaid eligibility.

The court's May 10, 2017, order denied Webb's request for attorney fees under state law, Neb. Rev. Stat. § 25-1803 (Reissue 2016), but granted Webb's request for attorney fees under § 1988 and provided Webb 10 days to submit evidence in support of a fee award. The court held a hearing on the amount of attorney fees to be awarded and, on August 7, issued an order which determined that Webb was a prevailing party under § 1988(b) and awarded him attorney fees in the amount of $27,815 against the individual defendants in their official capacities.

On August 30, 2017, DHHS filed a notice of appeal. The notice sought to appeal the district court's May 10 and August 7 orders. Webb filed motions for summary dismissal, arguing that the court's May 10 order was a final, appealable order and had not been appealed within 30 days. The Nebraska Court of Appeals overruled Webb's motions without prejudice, and we granted DHHS' motion to bypass the Court of Appeals under our statutory authority to regulate the caseloads of the appellate courts of this State.[5]

---

[5] See Neb. Rev. Stat. § 24-1106 (Supp. 2017).

## ASSIGNMENTS OF ERROR

DHHS claims, restated, that the district court lacked subject matter jurisdiction to (1) consider Webb's § 1983 claim in the same proceeding in which it reviewed Webb's claim for judicial review under the APA and (2) award Webb attorney fees pursuant to § 1988.

## STANDARD OF REVIEW

[1-3] A jurisdictional question which does not involve a factual dispute presents a question of law.[6] Statutory interpretation presents a question of law.[7] Appellate courts independently review questions of law decided by a lower court.[8]

## ANALYSIS

DHHS asserts that the district court lacked subject matter jurisdiction to consider Webb's § 1983 claim, because Webb "added [his § 1983 claim] to his petition for judicial review under the APA."[9] DHHS contends, "Nebraska's APA statutes do not confer authority on a district court sitting in review of an administrative agency decision to consider a freestanding 42 U.S.C. § 1983 claim in combination with the APA appeal."[10] DHHS "does not contend that Webb is barred from bringing a § 1983 claim or even from bringing such a claim in state court. But he must have done so in a separate civil action and not simply as an extra cause of action in an APA appeal."[11] DHHS argues that because the court lacked subject matter jurisdiction to consider Webb's § 1983 claim, the court necessarily lacked jurisdiction to consider an award of attorney fees under § 1988.

---

[6] See *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017).

[7] See *id.*

[8] *Clarke v. First Nat. Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017).

[9] Brief for appellant at 2.

[10] *Id*. at 7.

[11] *Id*.

- 817 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

Webb's primary argument in response is that this court lacks appellate jurisdiction to consider DHHS' subject matter jurisdiction argument, because DHHS did not appeal within 30 days of the court's order on the merits. Webb contends that even though a request for attorney fees was outstanding, based on our rules governing the finality of the disposition of § 1983 claims, the court's judgment on the merits was a final, appealable order.[12] Webb contends that DHHS timely appealed only the court's order awarding attorney fees and that DHHS' argument is collaterally attacking the judgment on the merits.

### NO INDEPENDENT APPELLATE JURISDICTION OVER MAY 10, 2017, ORDER

[4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[13] DHHS seeks to appeal both the district court's judgment on the merits and the court's attorney fees order. Because DHHS did not file a notice of appeal within 30 days of the court's judgment on the merits, we are confronted with the issue of whether we have appellate jurisdiction to review DHHS' challenge to the district court's May 10, 2017, order.

[5] Appellate jurisdiction is the power and authority conferred upon a superior court to reexamine and redetermine causes tried in inferior courts.[14] The Nebraska Constitution confers the Nebraska Supreme Court with only "such appellate jurisdiction as may be provided by law."[15] In order for this court to have jurisdiction over an appeal, appellate

---

[12] See *Gillpatrick v. Sabatka-Rine*, 297 Neb. 880, 902 N.W.2d 115 (2017).

[13] *E.D. v. Bellevue Pub. Sch. Dist.*, 299 Neb. 621, 909 N.W.2d 652 (2018).

[14] *In re Application of Burlington Northern RR. Co.*, 249 Neb. 821, 545 N.W.2d 749 (1996).

[15] Neb. Const. art. V, § 2. Accord *Boyd v. Cook*, 298 Neb. 819, 906 N.W.2d 31 (2018).

- 818 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

jurisdiction must be specifically provided by the Legislature.[16] An appellate court acquires no jurisdiction unless the appellant has satisfied the statutory requirements for appellate jurisdiction.[17]

[6,7] When an appeal presents the two distinct jurisdictional issues of appellate jurisdiction and the trial court's lack of subject matter jurisdiction, the first step is to determine the existence of appellate jurisdiction by determining whether the lower court's order was final and appealable.[18] For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.[19] The Legislature has defined a "judgment" as "the final determination of the rights of the parties in an action."[20] Conversely, every direction of a court or judge, made or entered in writing and not included in a judgment, is an order.[21]

[8] The three types of final orders that an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered.[22] To be a final order under the first category of § 25-1902, the order must dispose of the whole merits of the case and leave nothing for the court's further consideration.[23]

If a lower court has issued a final, appealable order, the next step is to determine whether an appellant has satisfied

---

[16] *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017).

[17] *Id*.

[18] See *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012).

[19] *E.D., supra* note 13.

[20] Neb. Rev. Stat. § 25-1301 (Reissue 2016).

[21] Neb. Rev. Stat. § 25-914 (Reissue 2016).

[22] Neb. Rev. Stat. § 25-1902 (Reissue 2016).

[23] *Big John's Billiards*, *supra* note 18. See *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017).

- 819 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

the statutory requirements necessary for this court to obtain appellate jurisdiction over the order. Under Neb. Rev. Stat. § 25-1912 (Supp. 2017), to vest an appellate court with jurisdiction, a party must timely file a notice of appeal.[24] A party must file a notice of appeal within 30 days of the judgment, decree, or final order from which the party is appealing.[25]

For the reasons set forth below, we find that the May 10, 2017, order was final and appealable and that because DHHS did not appeal that order within 30 days, DHHS did not satisfy the statutory requirements to obtain appellate review of that order.

The court's May 10, 2017, order meets the statutory definition of "judgment" provided under § 25-1301. The order was a comprehensive decision on the merits of all of Webb's claims. The order resolved the APA claim and granted Webb's motion for summary judgment on his § 1983 claim. The merits order also addressed Webb's request for attorney fees. The order denied Webb's request for attorney fees pursuant to state law, granted Webb's request for reasonable attorney fees under § 1988, and gave Webb 10 days to submit evidence to determine the amount of fees to award.

The court's May 10, 2017, order has both state and federal law components, and we must analyze both components to determine whether the order is final. We first address the state law component. The court's decision on Webb's APA claim was final, and the order entirely resolved Webb's APA claim without leaving anything for consideration. The order would have been immediately appealable had the order solely encompassed a decision on Webb's APA claim.

Webb's request for attorney fees under § 25-1803 could have impacted the finality of the state law component of the May 10, 2017, order. Our jurisprudence on the issue of an unresolved request for attorney fees made pursuant to state law is familiar.

[24] *Clarke, supra* note 8.

[25] § 25-1912(1).

- 820 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

We have explained that attorney fees are generally treated as an element of court costs and that an award of costs in a judgment is considered a part of the judgment.[26] We have stated the requirement that a party seeking statutorily authorized fees must make a request for such fees prior to a judgment in the cause.[27] And, critically, we have held that a judgment does not become final and appealable until the trial court has ruled upon a pending statutory request for attorney fees.[28] Here, Webb requested attorney fees pursuant to state law in his petition and the court denied the request. Thus, there was no outstanding request for fees that prevented the state law component of the court's order from becoming final when the order was issued on May 10.

We next consider the federal law component of the May 10, 2017, order. In that portion of the order, the court granted Webb's motion for summary judgment on his § 1983 claim. Orders which fully dispose of a case on summary judgment are final and appealable.[29] The court also found that DHHS was liable for fees under § 1988, but did not determine the amount of fees to award. The question is whether the lack of a final determination on the fee award prevented the federal component of the judgment on the merits—the court's decision on Webb's § 1983 claim—from becoming final and appealable.

[9] As stressed by Webb, we addressed this issue in *Gillpatrick v. Sabatka-Rine*,[30] where we held that a court's decision on the merits of a § 1983 action is an appealable

---

[26] See *Murray v. Stine*, 291 Neb. 125, 864 N.W.2d 386 (2015).

[27] *Id.*

[28] *Id.*; *Kilgore v. Nebraska Dept. of Health & Human Servs.*, 277 Neb. 456, 763 N.W.2d 77 (2009); *Olson v. Palagi*, 266 Neb. 377, 665 N.W.2d 582 (2003).

[29] See, *Big John's Billiards, supra* note 18; *Gruenewald v. Waara*, 229 Neb. 619, 428 N.W.2d 210 (1988).

[30] *Gillpatrick, supra* note 12.

order. We found that our jurisprudence which treated orders disposing of state law actions as nonfinal where a request for attorney fees is outstanding did not apply to orders resolving the merits of § 1983 actions.[31] For example, we said that in a § 1983 action, a party is not required to separately move for attorney fees until after the trial court enters a final order or judgment on the merits.[32]

Our decision in *Gillpatrick* drew from *White v. New Hampshire Dept. of Empl. Sec.*,[33] in which the U.S. Supreme Court held that a request for attorney fees under § 1988 is not a motion to alter or amend the judgment within the meaning of Fed. R. Civ. P. 59(e), because the fee request does not seek "reconsideration of matters properly encompassed in a decision on the merits."[34] The Court in *White* reasoned that a request for attorney fees under § 1988 raises legal issues collateral to and separate from the decision on the merits, and observed in dicta that "the collateral character of the fee issue establishes that an outstanding fee question does not bar recognition of a merits judgment as 'final' and 'appealable.'"[35]

Following *White*, the prevailing rule in federal circuits was that a judgment on the merits is final for purposes of appeal even if the amount of attorney fees to award pursuant to § 1988 has not been determined.[36] According to these same principles, a judgment on the merits is appealable even when

---

[31] *Id*. See *Kilgore, supra* note 28.

[32] *Gillpatrick, supra* note 12.

[33] *White v. New Hampshire Dept. of Empl. Sec.*, 455 U.S. 445, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982).

[34] *Id*., 455 U.S. at 451.

[35] *Id*., 455 U.S. at 452-53 n.14.

[36] See, *Morgan v. Union Metal Mfg.*, 757 F.2d 792 (6th Cir. 1985); *Abrams v. Interco Inc.*, 719 F.2d 23 (2d Cir. 1983); *American Re-Insurance v. Insurance Com'r, Etc.*, 696 F.2d 1267 (9th Cir. 1983); *Cox v. Flood*, 683 F.2d 330 (10th Cir. 1982); *Halderman v. Pennhurst State School & Hospital*, 673 F.2d 628 (3d Cir. 1982).

the judgment also includes a determination that the prevailing party is entitled to an award of fees under § 1988, but leaves open the amount of fees to be awarded.[37] In this situation, the party who fails to timely appeal from the merits and fee liability judgment forfeits the right to an appellate review of the merits.[38]

The U.S. Supreme Court then held in *Budinich v. Becton Dickinson & Co.*,[39] that a decision on the merits is a final decision under federal law for purposes of appeal even if the award or amount of attorney fees for the litigation remains to be determined. Similar to the Court's decision in *White*, the Court in *Budinich* found that the pendency of a decision on an award of attorney fees is an issue collateral to a decision on the merits, because "a claim for attorney's fees is not part of the merits of the action to which the fees pertain,"[40] and that therefore, the lack of finality of a collateral issue would not prevent the finality of a judgment on the merits.

In this case, the May 10, 2017, order ended the litigation on the § 1983 claim by granting summary judgment. The court awarded injunctive relief and no damages. Independent of that judgment, the court found DHHS liable for an undetermined amount of attorney fees under § 1988, a statutory right separate from § 1983. As the U.S. Supreme Court recognized in *White*, Webb's request for fees under § 1988 is not effective as a motion to alter or amend the district court's May 10 merits judgment, because fees are not part of that judgment and the court's later decision on the amount of fees to award would

---

[37] See, *Exchange Nat. Bank of Chicago v. Daniels*, 763 F.2d 286 (7th Cir. 1985); *Morgan, supra* note 36.

[38] *Id.*

[39] *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S. Ct. 1717, 100 L. Ed. 2d 178 (1988). See, also, *Ray Haluch Gravel Co. v. Central Pension Fund of Operating Engineers and Participating Employers*, 571 U.S. 177, 134 S. Ct. 773, 187 L. Ed. 2d 669 (2014).

[40] *Budinich, supra* note 39, 486 U.S. at 200.

- 823 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

not change the outcome on the merits regarding DHHS' violation of Webb's constitutional rights.

The same situation was presented in *Crossman v. Maccoccio*,[41] which held that a notice of appeal filed more than 30 days after entry of final judgment on the merits of the litigation, but within 30 days after the subsequent order granting § 1988 attorney fees, was timely as to appeal the fee award order but untimely as to the merits judgment, and that the merits judgment became final even though the statutory attorney fees issue remained unresolved. Accordingly, here, the court's merits and fees determinations were independent final determinations and required independent appeals.

In the instant matter, the merits determinations in the May 10, 2017, order were appealable, but the determination in the same order that DHHS was liable for fees under § 1988 was not appealable at that time. An order awarding but not quantifying attorney fees is not final under federal law.[42] A finding that a party is liable for attorney fees is an interlocutory determination,[43] analogous to a summary judgment determination on liability but leaving the issue of damages unresolved. An award of attorney fees entered after a final disposition on the merits is a final, appealable decision.[44]

[10] Having analyzed both the state and federal law components of the court's May 10, 2017, order and concluding that the order was appealable, it becomes clear that DHHS' notice of appeal was not timely filed to provide an independent basis for appellate review of that order. Although DHHS did not have the benefit of our decision in *Gillpatrick*, the matter of acquiring jurisdiction by an appellate court is

---

[41] *Crossman v. Maccoccio*, 792 F.2d 1 (1st Cir. 1986).

[42] See, *Com. of Pa. v. Flaherty*, 983 F.2d 1267 (3d Cir. 1993); *Saber v. FinanceAmerica Credit Corp.*, 843 F.2d 697 (3d Cir. 1988); *Phelps v. Washburn University of Topeka*, 807 F.2d 153 (10th Cir. 1986).

[43] See *Forsyth v. Barr*, 19 F.3d 1527 (5th Cir. 1994).

[44] *Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

indeed a technical matter and one over which courts have no discretion.[45]

However, DHHS has also asserted a challenge to the district court's subject matter jurisdiction by arguing that the court could not award attorney fees if the court lacked the authority to consider Webb's § 1983 claim. It is undisputed that the district court's order awarding Webb attorney fees was a final order and that DHHS timely appealed from that order. It is also undisputed that the court's award of fees pursuant to § 1988 was based on the determination that Webb had prevailed on his § 1983 claim. Therefore, our review of the attorney fees order includes the issue of whether the court had subject matter jurisdiction over Webb's § 1983 claim. As a result, we are required to consider whether the district court had subject matter jurisdiction to consider Webb's § 1983 claim.

### Court Had Subject Matter Jurisdiction
### Over § 1983 Claim

DHHS contends that the court lacked subject matter jurisdiction to decide Webb's § 1983 claim and therefore also lacked jurisdiction to award Webb fees under § 1988. DHHS does not challenge the amount of fees awarded but only Webb's entitlement to a fee award. Webb contends that the district court properly considered Webb's § 1983 claim pursuant to its general jurisdiction.

DHHS concedes that a district court has the authority to adjudicate an APA appeal and a § 1983 claim, but asserts that the claims must be brought in separate lawsuits. DHHS argues that the Legislature has conferred jurisdiction upon district courts to hear appeals from contested cases before administrative agencies under the APA and that this court has found jurisdictional defects where judicial review of the agency's

---

[45] *In re Covault Freeholder Petition*, 218 Neb. 763, 359 N.W.2d 349 (1984).

- 825 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

decision under the APA is not sought in the mode and manner provided by statute.[46]

DHHS further argues the APA statutes do not specifically provide for the addition of an original claim such as a § 1983 claim to a petition for judicial review under the APA and that once the district court had jurisdiction over the APA claim, the court could not simultaneously exercise its general, original jurisdiction to consider a § 1983 claim in the same case.

All of DHHS' arguments are framed in terms of a lack of subject matter jurisdiction. DHHS makes no argument that, for example, the APA claim and the § 1983 claim were improperly joined under Neb. Rev. Stat. § 25-701 (Reissue 2016) or that the district court should have bifurcated the matters. As those issues are not before us, we express no view on them.

In response, Webb argues that we should affirm the district court's reliance on *Maldonado v. Nebraska Dept. of Pub. Welfare*[47] and conclude that a § 1983 claim may be brought in the procedural context of an APA appeal. DHHS acknowledges that *Maldonado* forecloses its position on appeal, but argues that the pronouncement in *Maldonado* relied upon by Webb and the district court was made in error and that we should overrule *Maldonado*.

In *Maldonado*, we considered whether the district court appropriately awarded attorney fees pursuant to § 1988 after the plaintiffs succeeded in their APA appeal based on the denial of dependent child benefits. The defendants argued that the award of fees was erroneous, because the petition had not requested relief under § 1983. We found the plaintiffs were not required to allege their specific theory of recovery and that the facts alleged had sufficiently stated a claim under § 1983.[48]

---

[46] See, e.g., *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. 938, 902 N.W.2d 147 (2017); *J.S., supra* note 6.

[47] *Maldonado, supra* note 2.

[48] *Id.*

- 826 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

We held that based on the U.S. Supreme Court's decision in *Maine v. Thiboutot*[49] the attorney fees were recoverable. We stated that in *Thiboutot*, "[t]he Supreme Court held that a claim under § 1983 may be brought in a state court in the procedural context of a state court's reviewing the actions of a state administrative agency, and attorney fees may be awarded under § 1988 in such a case."[50]

In *Thiboutot*, the U.S. Supreme Court interpreted the language of § 1983, which provides in pertinent part:

"Every person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution *and laws*, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." (Emphasis added.)[51]

The Court concluded that the phrase "'and laws'" within § 1983 includes claims solely based on statutory violations of federal law and found that "the plain language of [§ 1983] undoubtedly embraces [the] claim that petitioners violated the Social Security Act."[52]

We agree with DHHS that the issue in *Thiboutot* was whether § 1983 encompasses statutory claims and that neither *Thiboutot* nor *Maldonado* squarely presented the issue of whether a § 1983 claim is properly brought in the context of a state court's review of an administrative appeal. Therefore, our statement in *Maldonado* that "[t]he Supreme Court held that a claim under § 1983 may be brought in a state court in the procedural context of a state court's reviewing the actions of a state administrative agency . . ."[53] misreads *Thiboutot* and

---

[49] *Thiboutot, supra* note 3.

[50] *Maldonado, supra* note 2, 223 Neb. at 490, 391 N.W.2d at 109.

[51] *Thiboutot, supra* note 3, 448 U.S. at 4, quoting 42 U.S.C. § 1983.

[52] *Id.*

[53] *Maldonado, supra* note 2, 223 Neb. at 490, 391 N.W.2d at 109.

- 827 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

states a conclusion without analyzing the jurisdictional framework specific to Nebraska law. For these reasons, *Maldonado* is disapproved.

Even though we disapprove of authority contrary to DHHS' position, DHHS' position lacks merit because there is an absence of affirmative authority to support the outcome that DHHS proposes. DHHS relies upon *Kozal v. Nebraska Liquor Control Comm.*[54] for the proposition that "[w]here a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute." However, *Kozal* concerned the issue of whether an appeal of a contested case under the APA had been perfected in order to achieve judicial review in district court. There is no dispute in this case that the district court had jurisdiction over the APA appeal. DHHS also relies upon *Betterman v. Department of Motor Vehicles*,[55] in which we held the APA does not authorize a district court reviewing the decision of an administrative agency to receive additional evidence, whether by judicial notice or other means. But here, the district court made clear in its order that in reviewing Webb's appeal, it considered only evidence that was made part of the record in the agency proceeding. Moreover, DHHS does not contest the district court's decision on the APA claim.

[11] DHHS' lack of authority for its position indicates that its argument is one of policy. DHHS' argument therefore uses the term "jurisdiction" too loosely. DHHS argues that the practice of allowing a party to bring a § 1983 claim in the same case as an APA claim "should be disallowed," in part based on "policy consequences."[56] This argument raises concerns

---

[54] *Kozal, supra* note 46, 297 Neb. at 945, 902 N.W.2d at 154.

[55] *Betterman v. Department of Motor Vehicles*, 273 Neb. 178, 728 N.W.2d 570 (2007).

[56] Reply brief for appellant at 14.

- 828 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

distinct from the issue of whether a district court has certain jurisdictional authority. "'[T]he term "jurisdictional" properly applies only to "prescriptions delineating the classes of cases (subject matter jurisdiction) and the persons (personal jurisdiction)" implicating that authority.'"[57] Here, the district court had authority to consider the § 1983 claim.

[12] The Nebraska Constitution provides that "district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide."[58] Section 24-302 provides that "[t]he district courts shall have and exercise general, original and appellate jurisdiction in all matters, both civil and criminal, *except where otherwise provided*." (Emphasis supplied.) In a court of general jurisdiction, jurisdiction may be presumed absent a record showing the contrary.[59] The absence of jurisdiction of the district court will not be presumed, but must affirmatively appear from the face of the record itself.[60]

DHHS admits to some extent that it is relying on case law only by way of analogy and that "this is an issue of *Nebraska* law that should be analyzed solely on the jurisdictional language of *Nebraska's* APA statute."[61] Therefore, for DHHS' argument to succeed, DHHS must point to a statute which removes the district court's general, original jurisdiction once an APA proceeding has been initiated. Such a jurisdiction-limiting provision must be specific to a claim such as a § 1983 claim, because the Legislature cannot limit or control the

---

[57] *State v. Ryan*, 287 Neb. 938, 941-42, 845 N.W.2d 287, 291 (2014), *disapproved on other grounds, State v. Allen, ante* p. 560, ___ N.W.2d ___ (2018), quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010).

[58] Neb. Const. art. V, § 9.

[59] See *Myers v. Hall County*, 130 Neb. 13, 263 N.W. 486 (1935).

[60] See, *Jackson v. Olson*, 146 Neb. 885, 22 N.W.2d 124 (1946); *Myers, supra* note 59; *Barker v. State*, 54 Neb. 53, 74 N.W. 427 (1898).

[61] Brief for appellant at 15 (emphasis in original).

- 829 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

common law and equity jurisdiction granted to the district court by the constitution.[62] DHHS has not shown that the APA contains any exclusions in this regard.

> Section 84-917(1), the APA's jurisdictional provision, states: Any person aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review under the [APA]. *Nothing in this section shall be deemed to prevent resort to other means of review, redress, or relief provided by law.*

(Emphasis supplied.) This section indicates that the APA statutes do not limit a district court's general original jurisdiction. Because the constitution vests in the Legislature the power to provide jurisdiction to the district court, other than that conferred by the constitution, and the Legislature has granted the district court original jurisdiction in all matters except where otherwise provided, there is no basis for this court to conclude that a district court lacks the authority to consider a § 1983 claim in conjunction with an APA claim.

We conclude that the district court had the authority to consider Webb's § 1983 claim and subsequently award attorney fees under § 1988 pursuant to its general original jurisdiction; that the district court was not required to rely on authorization from the APA in order to discharge its duties as a court of general original jurisdiction; and that the APA, as written, does not limit a court's general original jurisdiction.

Even if we had the authority to adopt DHHS' position, we are not persuaded by the policy concerns DHHS has articulated. DHHS argues that Webb should be required to file two separate lawsuits, because his claims (1) are evaluated based on different evidence, (2) apply to different parties, and (3) are reviewed under different evidentiary standards. Though the Legislature could fashion a scheme with these concerns in mind, these arguments are unconvincing under the present

---

[62] *In re Estate of Steppuhn*, 221 Neb. 329, 377 N.W.2d 83 (1985).

- 830 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

structure and do not do justice to an experienced district court's ability to engage in separate and independent analyses.

DHHS' arguments presume the district court performed only a singular analysis in resolving Webb's two claims, but that is not an accurate reflection of the district court's order. It is true that different rules apply to each claim, and the district court recognized this in its evaluation of each claim. It does not appear that the court's analysis of each claim would have been any different had Webb been required to file a separate lawsuit. Indeed, none of DHHS' policy arguments are based on the facts of this case.

DHHS argues that APA appeals are limited to the "record of the agency"[63] and that the State might want to put on additional evidence to resist the § 1983 claim. Because the claims are evaluated separately, nothing prevented DHHS from utilizing all of the tools available under the rules of civil procedure in order to adduce evidence outside of the agency record to defend against § 1983 liability, including completion of discovery, availing itself of other pretrial motions, and proceeding to trial. However, the only exhibits offered at the hearing on Webb's motion for summary judgment other than the agency record were a copy of federal Medicaid regulations and the federal child welfare policy manual. DHHS joined in the request to have the district court consider these exhibits for purposes of the summary judgment motion.

This case provides an example that the evidence supporting an APA claim and a § 1983 claim are not necessarily contradictory. Here, the facts for both claims were identical. The only issue in dispute was a question of law as to whether Webb was in foster care. Once the court found in Webb's favor on that issue, it followed that Webb prevailed on both of his claims, because a denial of Medicaid benefits is a deprivation of a federal statutory right. Had the court found in DHHS' favor on the legal issue, DHHS would have prevailed on both

---

[63] § 84-917(5)(a).

- 831 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

claims. But DHHS does not challenge the court's determination that Webb had a meritorious APA claim based on the definition of "foster care" within the meaning of the bridge to independence program, and does not argue that the court erred in its decision that no genuine issue of material fact existed with respect to Webb's motion for summary judgment on his § 1983 claim.

Where a party is confronted with a multiclaim suit that is unmanageable, that party can raise those concerns through a motion to bifurcate the claims. The trial court also has the inherent power to consolidate for purposes of trial in order to expedite the reception of evidence and eliminate the multiplicity of hearings and trials.[64] Whether claims should be joined for purposes of trial is within the discretion of the district court.[65] Bifurcation of a trial may be appropriate where separate proceedings will do justice, avoid prejudice, and further the convenience of the parties and the court.[66]

[13] We have said that an APA proceeding in district court for review of a decision by an administrative agency is not an "'appeal'" in the strict sense of the term, meaning "'the power and authority conferred upon a superior court to reexamine and redetermine causes tried in inferior courts,'" but, rather, is "'the institution of a suit to obtain judicial-branch review of a nonjudicial-branch decision.'"[67] In at least one case, we have stated that the standard governing motions for a separate trial in criminal cases—that such motions are addressed to the discretion of the trial court and rulings on such motions will not be reversed unless there is an abuse of discretion—should also be

---

[64] *Jordan v. LSF8 Master Participation Trust*, 300 Neb. 523, 915 N.W.2d 399 (2018).

[65] *Eicher v. Mid America Fin. Invest. Corp.*, 270 Neb. 370, 702 N.W.2d 792 (2005).

[66] *Connelly v. City of Omaha*, 278 Neb. 311, 769 N.W.2d 394 (2009).

[67] *Kozal, supra* note 46, 297 at 945, 902 N.W.2d at 153, citing *Glass v. Nebraska Dept. of Motor Vehicles*, 248 Neb. 501, 536 N.W.2d 344 (1995).

- 832 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
WEBB v. NEBRASKA DEPT. OF HEALTH & HUMAN SERVS.
Cite as 301 Neb. 810

applied to appeals from administrative agency decisions.[68] Here, DHHS did not move to bifurcate the claims and does not argue the court abused its discretion in consolidating its evaluation of Webb's claims.

## CONCLUSION

The district court's jurisdiction here over the § 1983 claim flows from the Legislature's grant of general jurisdiction to that court, over and above the district court's jurisdiction conferred by the constitution. Thus, it falls to the Legislature, and not to this court, to exclude a § 1983 claim from the district court's purview in conjunction with an APA claim. We conclude that the APA does not limit the district court's original jurisdiction and that the district court does not lack the subject matter jurisdiction to consider an APA claim and a § 1983 claim in the same lawsuit.

AFFIRMED.

_____

[68] See *Olson v. City of Omaha*, 232 Neb. 428, 441 N.W.2d 149 (1989).