Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/22/2020 08:09 AM CDT

State of Nebraska, appellant, v.
Richard A. Fredrickson, appellee.

___ N.W.2d ___

Filed February 28, 2020.    No. S-19-743.

1. **Judgments: Jurisdiction: Appeal and Error.** Determination of a juris-dictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions indepen-dent from a trial court.
2. **Criminal Law: Right to Counsel: Appeal and Error.** A trial court's determination of a defendant's indigency, requiring court-appointed counsel for a defendant in a criminal case, will be upheld on appeal, unless the trial court has abused its discretion in such determination.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
4. **____: ____.** Appellate jurisdiction is the power and authority conferred upon a superior court to reexamine and redetermine causes tried in infe-rior courts.
5. **Constitutional Law: Jurisdiction.** The Nebraska Constitution confers the Nebraska Supreme Court with only "such appellate jurisdiction as may be provided by law."
6. **Courts: Jurisdiction: Legislature: Appeal and Error.** In order to have jurisdiction over an appeal, appellate jurisdiction must be specifically provided by the Legislature.
7. **Jurisdiction: Appeal and Error.** An appellate court acquires no juris-diction unless the appellant has satisfied the statutory requirements for appellate jurisdiction.
8. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.
9. **Criminal Law: Judgments: Sentences: Appeal and Error.** In a criminal case, the judgment from which the appellant may appeal is the sentence.

10. **Judgments: Words and Phrases.** Every direction of the court made or entered in writing and not included in a judgment is an order.
11. **Final Orders: Appeal and Error.** In order to be a final order which an appellate court may review, the lower court's order must (1) affect a substantial right and determine the action and prevent a judgment, (2) affect a substantial right and be made during a special proceeding, (3) affect a substantial right and be made on summary application in an action after a judgment is rendered, or (4) deny a motion for summary judgment which was based on the assertion of sovereign immunity or the immunity of a government official.
12. ____: ____. Whether an order affects a substantial right focuses on whether the right at issue is substantial and whether the court's order has a substantial impact on that right.
13. **Final Orders.** Whether an order affects a substantial right depends on whether it affects with finality the rights of the parties in the subject matter.
14. ____. Whether an order affects a substantial right depends on whether the right could otherwise effectively be vindicated.
15. **Final Orders: Appeal and Error.** An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.

Appeal from the District Court for Washington County: John E. Samson, Judge. Appeal dismissed.

Desirae M. Solomon, Deputy Washington County Attorney, for appellant.

David V. Drew, of Drew Law Firm, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.
The State of Nebraska, through the Washington County Attorney's office, appeals the district court's order finding Richard A. Fredrickson indigent and entitled to court-appointed appellate counsel at the expense of Washington County (the County). The State argues the court abused its discretion because Fredrickson failed to adequately provide his financial situation to the lower court, acquired undisclosed additional

funds during the pendency of the underlying action, and had sufficient assets to pay for his legal counsel. Fredrickson, in turn, argues that this court lacks jurisdiction to consider the State's appeal and that the district court did not abuse its discretion. Because the court's order finding Fredrickson indigent and appointing counsel was neither a judgment nor a final, appealable order, we lack jurisdiction and dismiss the State's appeal.

BACKGROUND

Fredrickson was charged by amended information with possession of a deadly weapon, robbery, and use of a deadly weapon to commit a felony for events occurring on April 11, 2018.

At his initial hearing before the county court on April 16, 2018, Fredrickson was advised of his rights, including his right to counsel. In its journal entry and order, the county court stated that Fredrickson was to file a poverty affidavit, that Fredrickson was "adjudged indigent," and that counsel was appointed to represent Fredrickson at the County's expense. On the same date, the county court entered a separate order restating its appointment of counsel. Fredrickson never filed the poverty affidavit, and the case was moved to the district court.

In district court, Fredrickson entered a no contest plea to robbery in exchange for the State's dismissing the remaining counts. The State then filed a motion to determine Fredrickson's indigent status, noting Fredrickson's failure to file the poverty affidavit and alleging Fredrickson may have sufficient funds to compensate the County for legal work performed. The State also filed a motion to dispose of property, requesting the sale of Fredrickson's impounded vehicle allegedly used in the commission of the robbery. The State asked that any funds acquired from such sale be directed by the court to reimburse the County for Fredrickson's representation.

Immediately prior to sentencing, a hearing was held on the State's two motions. At the hearing, counsel for Fredrickson

alleged that although Fredrickson had failed to turn in the affidavit, he had filled one out. The court instructed Fredrickson to complete a new form with his then-current financial information. Under this affidavit, Fredrickson averred that his vehicle was worth $9,000, which was the price he had originally paid for it, and that he had a bank account with a $13,000 balance. The affidavit also indicated that Fredrickson was obligated to pay child support in the amount of $100 per month for each of his two children. According to Fredrickson, his savings were being managed by his "power of attorney person" for the continued payment of child support.

After Fredrickson provided the completed financial affidavit, the court took up the State's motion for the sale of Fredrickson's vehicle. Fredrickson did not object to the vehicle's sale, and the court ordered that any money derived from the sale of the vehicle be applied to court costs and as restitution to the County for any of Fredrickson's court-appointed attorney fees. The court further ordered that any money received from the sale of the vehicle in excess of the attorney fees be paid to the person holding Fredrickson's power of attorney and used for payment of child support. In the event the sale of the vehicle produced insufficient funds to cover the court costs and attorney fees, the court denied the State's request for further reimbursement from Fredrickson's savings and other available assets.

After the hearing on the State's motions, the court proceeded to sentence Fredrickson to a term of incarceration. At sentencing, Fredrickson continued to be represented by his court-appointed counsel.

Fredrickson subsequently appealed his conviction and sentence and filed a motion for appointment of appellate counsel. Along with his motion, Fredrickson filed a new financial affidavit in which he claimed he had $10,000 to $14,000 in a bank account which was to be used "solely for payments of child support to maintain current status." The affidavit stated this child support was $200 per month. The State filed an objection to Fredrickson's alleged indigent status.

A hearing was held on Fredrickson's motion for appointment of appellate counsel and the State's objection. During the hearing, the State submitted a real estate transfer statement concerning a property in which Fredrickson was indicated to have a one-half interest and which sold for $180,000 in July 2018.

Fredrickson conceded that the property, which he owned with his father, was sold and that he received about $80,000 from the sale. Fredrickson explained that he was incarcerated during and since the sale of the property so the person holding his power of attorney had made expenditures from the sale's funds for "any financial things that I would have had to have taken care of, anything like that, children, holidays, whatever, has been taken care of out of that." Fredrickson testified that the $10,000 to $14,000 listed on his financial affidavit was what was left of the $80,000 after those expenses. Fredrickson also clarified that his child support obligation may have changed since the filing of his affidavit and is at least $100 per month and at most $200 per month.

On July 12, 2019, the district court entered an order finding Fredrickson was entitled to court-appointed appellate counsel according to the information contained within his financial affidavit. As such, the court appointed to Fredrickson appellate counsel at the County's expense. The court explained that Fredrickson was advised, in the event the financial affidavit contained incorrect information, he may be ordered to reimburse the County for his appellate attorney fees. On July 30, the State filed a notice of appeal of the July 12 order.

## ASSIGNMENTS OF ERROR

The State assigns, restated, that the district court abused its discretion in declining to apply Fredrickson's savings and other available assets to reimburse the County for any court-appointed appellate attorney fees in excess of the amount received from the sale of Fredrickson's impounded vehicle.

## STANDARD OF REVIEW

[1] Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court.[1]

[2] A trial court's determination of a defendant's indigency, requiring court-appointed counsel for a defendant in a criminal case, will be upheld on appeal, unless the trial court has abused its discretion in such determination.[2]

## ANALYSIS

[3-7] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[3] Appellate jurisdiction is the power and authority conferred upon a superior court to reexamine and redetermine causes tried in inferior courts.[4] The Nebraska Constitution confers the Nebraska Supreme Court with only "such appellate jurisdiction as may be provided by law."[5] In order to have jurisdiction over an appeal, appellate jurisdiction must be specifically provided by the Legislature.[6] An appellate court acquires no jurisdiction unless the appellant has satisfied the statutory requirements for appellate jurisdiction.[7]

[8-10] For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.[8] A judgment is the final determination of the rights

---

[1] *State v. Coble*, 299 Neb. 434, 908 N.W.2d 646 (2018).

[2] *State v. Richter*, 225 Neb. 837, 408 N.W.2d 717 (1987).

[3] *Coble, supra* note 1.

[4] *Webb v. Nebraska Dept. of Health & Human Servs.*, 301 Neb. 810, 920 N.W.2d 268 (2018).

[5] Neb. Const. art. V, § 2.

[6] See *Webb, supra* note 4.

[7] *Id.*

[8] *Id*. See Neb. Rev. Stat. § 25-1911 (Reissue 2016).

of the parties in an action.[9] In this case, the State is appealing the district court's finding that Fredrickson was indigent and entitled to appellate counsel for his appeal of his criminal conviction and sentence. In a criminal case, the judgment from which the appellant may appeal is the sentence,[10] and every direction of the court made or entered in writing and not included in a judgment is an order.[11] Thus, the indigency finding and appointment of appellate counsel is not a judgment but is, instead, an order. We thus turn to the question of whether this order was a final order sufficient to confer appellate jurisdiction.

[11] In order to be a final order which an appellate court may review, the lower court's order must (1) affect a substantial right and determine the action and prevent a judgment, (2) affect a substantial right and be made during a special proceeding, (3) affect a substantial right and be made on summary application in an action after a judgment is rendered, or (4) deny a motion for summary judgment which was based on the assertion of sovereign immunity or the immunity of a government official.[12] Because the order at issue here was not on a motion for summary judgment and all three remaining categories of final orders under § 25-1902 affect a substantial right in the action, it is unnecessary to evaluate the three categories individually unless the order affects a substantial right.[13]

[12-15] Numerous factors determine whether an order affects a substantial right for purposes of appeal.[14] The inquiry focuses

---

[9] Neb. Rev. Stat. § 25-1301 (Cum. Supp. 2018).

[10] *State v. Ratumaimuri*, 299 Neb. 887, 911 N.W.2d 270 (2018).

[11] See *Webb, supra* note 4.

[12] See Neb. Rev. Stat. § 25-1902 (Supp. 2019).

[13] See *Mutual of Omaha Bank v. Watson*, 301 Neb. 833, 920 N.W.2d 284 (2018).

[14] *In re Grand Jury of Douglas Cty.*, 302 Neb. 128, 922 N.W.2d 226 (2019); *Deines v. Essex Corp.*, 293 Neb. 577, 879 N.W.2d 30 (2016).

on whether the right at issue is substantial and whether the court's order has a substantial impact on that right.[15] Whether an order affects a substantial right depends on whether it affects with finality the rights of the parties in the subject matter.[16] It also depends on whether the right could otherwise effectively be vindicated.[17] An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.[18]

The County filed a notice of appeal on July 30, 2019, as though it were taking an ordinary appeal under § 29-1902 and Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2018), and we must therefore analyze jurisdiction according to the ordinary principles of appellate jurisdiction just recited.

The order finding Fredrickson indigent and entitled to appellate counsel did not affect a substantial right. First, while the order stated Fredrickson was entitled to the appointment of appellate counsel at the County's expense, it did not obligate the County to pay any specific amount or set a deadline for payment. Such determinations are to be the subject of future proceedings addressing the question of reasonable attorney fees. At that point, the State is entitled to object and seek appellate review because the determination of attorney fees and expenses of court-appointed counsel are the final determination of the County's right to avoid expending its funds on a defendant's representation.[19] The current order stating the County may be obligated to pay some unknown amount at some unknown future date does not substantially impact the County.

---

[15] *In re Grand Jury of Douglas Cty., supra* note 14.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] See *In re Claim of Rehm and Faesser*, 226 Neb. 107, 410 N.W.2d 92 (1987).

Further, the current order does not affect a substantial right of the State because it is not the final determination obligating the payment of Fredrickson's appellate attorney fees. As explained above, the State has the ability to contest requested fees as they come before the court for approval. Additionally, the State can challenge the finding of Fredrickson's indigency through Neb. Rev. Stat. § 29-3908 (Reissue 2016), which provides:

Whenever any court finds subsequent to its appointment of . . . counsel to represent a felony defendant that its initial determination of indigency was incorrect or that during the course of representation by appointed counsel the felony defendant has become no longer indigent, the court may order such felony defendant to reimburse the county for all or part of the reasonable cost of providing such representation.

Thus, even though the order appointing appellate counsel specified that it is at the County's expense, the State is able to seek reconsideration and can challenge the underlying finding of indigency and recoup any subsequently expended funds from the defendant.

Prior to the appointment of appellate counsel, which is the order at issue here, the State utilized this statutory right to ask the district court to review its indigency finding from the appointment of trial counsel in its motion to determine defendant's indigent status. Although the court did not modify its previous indigency determination, it did order that the State could sell Fredrickson's vehicle and apply the money to Fredrickson's attorney fees.

Additionally, in the appointment of appellate counsel, Fredrickson was advised that in the event the financial affidavit contained incorrect information, he may be ordered to reimburse the County for his appellate attorney fees. The State's motion to determine indigency and the court's advisement demonstrate our analysis that the initial finding of indigency and appointing of appellate counsel at the County's expense

was not the final determination of the State's obligation to pay for Fredrickson's representation.

The State makes some argument that postponing the review of the court's indigency determination would undermine its right to avoid paying attorney fees for individuals with sufficient funds when they are initially determined indigent. In making this argument, the State claims § 29-3908 is insufficient to protect its rights because it would be difficult to recoup the money from incarcerated criminal defendants. This argument is without merit. Although recovery of attorney fees may be, at times, difficult, the Nebraska Legislature has specified the process for determination of the County's rights and recovery of funds when there is a subsequent modification of an indigency finding. This argument is insufficient to show a significant undermining of the State's right.

We also note that the finding of Fredrickson's indigency and the appointment of counsel does not affect any of Fredrickson's substantial rights. Although Fredrickson has a right to counsel, the court's order appointing counsel upheld this right and Fredrickson's right was not aggrieved. Because Fredrickson was appointed counsel, his right to counsel was not significantly undermined or irrevocably lost.[20]

Considering all of the above, the order finding Fredrickson indigent and appointing appellate counsel at the County's expense did not affect a substantial right of the parties and was not a final order for purposes of review. Thus, we lack jurisdiction to consider this appeal.

During oral argument, there was discussion as to whether Neb. Rev. Stat. § 29-2315.01 (Cum. Supp. 2018) permits the State to appeal orders of the court rather than only those classified as final orders. This statute expresses an exception to the general rule that the State cannot appeal an adverse ruling in a criminal case and provides additional, required

---

[20] See *In re Grand Jury of Douglas Cty., supra* note 14.

steps the State must take to make such an appeal.[21] In explaining the additional filing requirements, the first sentence of § 29-2315.01 states the State may take exception to "any ruling or decision." However, § 29-2315.01 clarifies that these filings must occur after a final order by setting time limitations which begin to run "after the final order is entered in the cause." Therefore, § 29-2315.01 does not grant the State the ability to appeal an order finding indigency and appointing counsel prior to the issuance of a final order.

Because the order finding that Fredrickson is indigent and entitled to court-appointed appellate counsel is not a judgment or a final, appealable order, we decline to address whether we also lack jurisdiction due to the State's failing to meet the filing requirements of § 29-2315.01 and do not reach the merits of the State's assignments of error on appeal.

## CONCLUSION

The district court's order finding Fredrickson indigent and appointing appellate counsel was not a judgment or a final, appealable order. Accordingly, we lack jurisdiction to consider this appeal and it is dismissed.

Appeal dismissed.

---

[21] See § 29-2315.01.